AMOS COLLINS *v.* JOSEPH ADAMS's EXECUTORS.

[ IN CHANCERY. ]

*Mortgage Note. Payment.*

1. The orator brought his bill to participate in a mortgage security. He had furnished the mortagor money to take up *one* of *several notes* owned by the defendants' testator. The mortgagor informed the testator at the time he paid it, that the *money was the orator's,* and directed him not to *cancel the note,* as he, the orator, was going to hold it ; but the master reported that he was "*unable* to find " that the testator " ever *understood* that he had *sold said note to the orator.*" *Held,* payment; not a purchase.
2. The orator is not entitled to *redeem,* as his bill is not brought for that purpose.

THIS case was heard on a master's report, at the September Term, 1880. Ross, Chancellor. Bill dismissed. As to whether the transaction was a payment the master reported :

On the hearing before me the orator called as a witness, the said Lucius Collins, who testified that soon after the aforesaid note for seven hundred and fifty dollars became due, Joseph Adams called on the witness for the money due on said note ; that witness said he could not pay it ; that said Adams then asked witness if he could not get some of his friends to help him ; that the witness said he would try ; that soon after the witness procured the sum of seven hundred and fifty dollars of his father, the orator, and paid the same to the said Joseph Adams ; that at the time he paid said note he informed said Adams that it was his father's (the orator's) money, and directed him not to cancel the note, as his father was going to hold it. . . . . I am unable to find that Joseph Adams in his lifetime ever understood that he had sold said note to the orator, or that the transaction as between him and the said Lucius Collins was other than a payment of said note.

*Bromley & Clark,* for the orator.

A purchase of the note carried with it a portion of the security. *Keyes* v. *Wood,* 21 Vt. 331. Adams was bound to understand the legal effect of the information given him by the agent of the orator. The orator ought to be permitted to redeem.

28

*J. B. Phelps*, for the defendants, cited *Langdon* v. *Keith*, 9 Vt. 299 ; *George* v. *Woodward*, 40 Vt. 672, as to whether the orator was entitled to any part of the security.

The opinion of the court was delivered by

TAFT, J.   Joseph Adams, the defendants' testator, held a mortgage against Lucius Collins and Louisa S. Collins.   The orator furnished Lucius Collins with money to take up one of the notes secured by the mortgage ;   and he did so, informing Adams that it was the orator's money, and directing him not to cancel the note, as the orator was going to hold it.   To this information Adams made no reply.   The defendants, as executors, have foreclosed the mortgage and taken possession of the premises.   The orator now seeks to participate in the mortgage security.   The case was referred to a master, and is now heard upon his report. It appears from the report that at the time the note was taken up by said Lucius, nothing was said about the mortgage security, and that said Lucius subsequently treated the mortgage as one for five thousand dollars, the amount remaining due said Adams ; and the master is unable to find that Adams ever understood that the transaction was other than a payment of said note.

Upon these facts the court think that the transaction amounted to a payment of the note and not a purchase of it.   This disposition of the facts renders it unnecessary for the court to pass upon the legal questions arising in case the court had found that the transaction was a sale of the note, instead of a payment.

No question is made in this court upon the admissibility of the testimony of Lucius Collins, mentioned in the master's report.

The orator claims the right to redeem the premises from the defendants' mortgage, as he was not a party to the foreclosure suit in favor of the defendants against Lucius Collins and wife.   The orator, if he had had any known interest in the premises subsequent to the Adams mortgage, should properly have been made a party defendant in the foreclosure proceedings.   If he was not so made a defendant, his right of redemption would remain unaffected by the decree.   But there is one reason why this claim of the orator cannot be granted.   The bill in this case is not brought

for that purpose—no such issue is made by the pleadings ; the first reference to it is in the brief of the orator's solicitor ; and to permit it, would be a violation of all well known rules of pleading, and require, as DAVIS, J., says in *Porter et al.* v. *Bank of Rutland et al.*, 19 Vt. 403, " to overleap principles of chancery practice everywhere recognized, and in their nature most safe and salutary."    The right to redeem, if any exists in the orator, must be sought by a bill for that purpose.

The decree of the chancellor dismissing the bill is affirmed, and cause remanded.