# TOWN OF RIPTON *v.* I. D. McQUIVEY'S ADMR. ET AL.

## *Married Woman. Mortgage. Equity.*

Where a debtor conveyed his real estate to M. and wife upon condition that
they pay his debts, and the husband M. thereupon executes his promis-
sory note to the creditor for the amount of the debt and secures it by
mortgage on a portion of the premises conveyed, the wife not signing
the mortgage, *held*, that a Court of Equity would not declare the note
a lien on the mortgaged premises as against the wife.

This is a suit in equity brought by the town of Ripton against
the administrator of Irvin D. McQuivey, Eliza J., widow of
the said Irvin D., certain children of the said Irvin and Eliza,
and Joseph Battell. The defendant, Battell, demurred to the
bill for want of equity. The defendant, Eliza J., answered.
The case was referred to a special master, and upon the coming
in of his report was heard upon the pleadings and such report.
The facts appearing upon the record, so far as they are mate-
rial to the decision of the court, are sufficiently set forth in the
opinion. Tyler, chancellor, at the December term of the Addi-
son County Court of Chancery, decreed that the demurrer of
the defendant, Battell, be sustained *pro forma*, and the bill dis-
missed as to him with costs, that the bill be dismissed with costs
as to the defendant, Eliza J., and that as to the other defend-
ants it be taken as confessed. From this decree the orator
appealed.

*Tupper & Bliss*, for the orator.

This trust fund should be held under the facts of this case to
have been incorporated in and charged upon the premises in
question when they were conveyed to McQuivey and wife. The
conveyance was practically without consideration. *Fitch* v.
*Peckham*, 16 Vt. 150; *Sprague* v. *Waldo*, 38 Vt. 141.

When Irvin D. gave his sole note there was a recognition of
the continuing effect of this trust.

This is not an ordinary debt, nor is the town an ordinary creditor. This is specific portion of the public charitable trust fund distinctly traceable into the hands of the defendant, Eliza J., as a charge upon said farm, and the town being accountable therefor may follow the same into her hands and enforce the charge upon such real estate. R. L., sections 648, 649; Perry on Trusts, section 217, also sections 345, 346, 838, 842, *Smith* v. *Bowen*, 35 N. Y. 83; Story's Eq. Jr., section 977; Hill on Trustees, 48; *Hart* v. *Farmers' &c. Bank*, 33 Vt. 252; *Veile* v. *Blodgett*, 49 Vt. 281.

The taking of the note and mortgage by the orator from the husband alone was not a payment of the debt, since they were taken under a mistake of fact arising from the misrepresentation contained in the mortgage itself, that the land belonged to I. D. McQuivey alone. *Tozier* v. *Crofts*, 123 Mass. 480.

*Stewart & Wilds*, for the defendants, Eliza J. McQuivey and Joseph Battell.

The original claim in this suit was against Downer. When he died in 1875, he left a solvent estate. This debt never was presented to commissioners and is therefore barred.

The conveyance from Downer was not fraudulent as to his creditors, inasmuch as he has, as the master finds, property enough remaining to pay all his debts. *Allen* v. *Mower*, 17 Vt. 61.

If the orator had any valid claim against Downer in 1879, it was paid and extinguished by the note and mortgage then given by Irvin D. McQuivey. *Ricker* v. *Adams*, 59 Vt. 156.

The fact that the orator misunderstood the law in the case as to the amount of security which it obtained by way of such mortgage will not avail it. *Churchill* v. *Bradley*, 58 Vt. 403.

If the orator has no claim against Downer's estate, it cannot prevail unless it has some claim against the defendant, Eliza J., and it has not. *Brownson* v. *Hull*, 16 Vt. 309; *Park* v. *Pratt*, 28 Vt. 550; *Davis* v. *Davis*, 30 Vt. 440.

The opinion of the court was delivered by

TAFT, J. The bill alleges that one Downer was indebted to the orator in the sum of one hundred and forty-four dollars and eighty-nine cents, a part of the United States surplus fund, held by the town for the use of schools; that Downer then owned land in Ripton and was responsible for all his debts; that he conveyed his real estate to Irvin D. McQuivey and his wife, Eliza J., and in part consideration thereof, McQuivey and his wife agreed to pay the orator's debt; that Irvin D. gave his promissory note for the amount, and secured it by mortgage, with covenants of warranty, upon part of the premises so conveyed to him and his wife; that the orator was ignorant of the interest of McQuivey's wife in said premises; that Eliza J., until recently, and Irvin D. until his death, recognized the claim as a valid lien upon the premises; that Irvin D. deceased, and that his administrator refused to pay the debt and to recognize the orator's claim as a lien upon the premises, and that Eliza J. claimed the land free from any lien in favor of the orator. The bill prays that the premises stand charged with the equitable lien thereon, securing said claim. The gist of the complaint is that the orator was ignorant of the rights of Eliza J. in the mortgaged premises, and that the McQuiveys, for a time, recognized the claim as a valid lien thereon. The parties evidently were mistaken as to the legal effect of the deed to husband and wife, which by law, in respect of survivorship, is like joint tenancy. If the orator was ignorant of the rights of the McQuiveys, it arose from its neglect in not examining the land records in its own office. There is no allegation in the bill that the orator has in any wise been injured by the fact that the McQuiveys, for a time, recognized the claim as a lien on the premises.

The bill discloses no equity in favor of the orator, and we discover none in the report of the master. The bill was properly dismissed.

*Decree affirmed and cause remanded.*