GEORGE P. BLAIR, EXECUTOR, *v.* JAMES WHITE, ADMINISTRATOR, ET AL.

*Mortgage.    Assignment of Notes.    Legacy to Debtor.*

1. Where the holder of mortgage notes assigns a portion of them without any agreement as to the mortgage security, such assignment carries with it by operation of law an assignment of a proportionate share of the security.

2. Where the assignee of a part of such mortgage notes has also another fund to which he can resort for their payment, he should first resort to such fund.

3. Where the maker of the notes was the legatee of the orator's testatrix, the foreclosure being brought for the benefit of the estate, *held*, that the    acy was such a fund, and that the orator should apply that fund first in discharging other unsecured debts to the estate from the maker, and then in paying these mortgage notes.

4. The answer in this cause not being sufficient to permit the granting of the proper relief, the case was remanded to the court below, with costs to the orator up to this time, for the purpose of allowing such further proceedings as might be necessary in the premises.

Petition to foreclose a mortgage brought by the orator as the executor of Henrietta Henderson against Jacob Worthen, Nelson Forsyth, and the defendant White as the administrator of Elizabeth Forsyth, wife of Nelson Forsyth. The petition was taken as confessed as to all the defendants except the defendant Worthen, who filed an answer. The case was referred to a special master to hear and report the facts, and was heard at the December Term of the Caledonia County Court of Chancery, 1886, upon the pleadings, Master's report and exceptions by both parties thereto. Powers, Chancellor, decreed that the exceptions on both sides be overruled, and a decree entered for the petitioner covering the four notes in controversy between the petitioner and the defendant Worthen and the tenth note described in the mortgage, and in favor of the defendant Worthen

NOTE.—First heard at the May Term of the Caledonia County Supreme Court, 1887. Re-argued at the General Term, 1888.

covering the balance of the outstanding notes then held by him, with a day of redemption as to Forsyth and wife, with costs as against the defendant Worthen since the filing of his answer, for which the orator might have execution, and for the balance of his costs as against Forsyth and wife. The defendant Worthen appealed.

The master reported among other things the following facts : On the 23d of March, 1881, Forsyth and wife executed the mortgage in question to the said Henrietta Henderson and the defendant Worthen. The mortgage was given to secure the payment of ten notes. The first nine were payable to the defendant Worthen, the first for one hundred dollars in one year from date, the next seven for two hundred dollars, payable in two, three, four, five, six, seven, and eight years from date, and the ninth for one hundred dollars payable in nine years from date. The tenth note was for four hundred and twenty-five dollars, payable to the order of Henrietta Henderson in ten years from date. It was conceded that the fifth note had been paid, and the premises discharged from the mortgage lien as to it. With reference to the first four notes it appeared that when they fell due the defendant Worthen presented them to Forsyth, the maker, and requested payment; that Forsyth was unable to pay them, and that they were in fact paid by the testatrix, Henrietta Henderson, to the defendant Worthen, who indorsed them without recourse and passed them over to her. The defendant Worthen claimed in his sworn answer that when the testatrix paid him these four notes, he supposed and understood that they were thereby paid and cancelled so far as his notes and the mortgage security were concerned, and that he should not have suffered these and his remaining notes to go unpaid, and the mortgagor, Forsyth, to conduct with reference to the mortgaged premises as he had in the cutting off of timber had he supposed that the testatrix had purchased the said notes, as the orator in his bill alleged, instead of paying them.

The master found upon this point that unless the answer was admissible as evidence, there was nothing to show what the

understanding was when the notes were paid by the testatrix to the defendant Worthen, and by him passed over to her. That if the answer was admissible the defendant Worthen did understand that the notes remaining in his possession were to have priority over those turned over to the testatrix, but that the state of facts connected with the transactions out of which this understanding on the part of said Worthen arose, was not such as would justify a reasonably prudent man in supposing that the testatrix, when she took up the first four notes, intended to discharge Forsyth from the payment thereof, or to relieve the mortgage premises to that extent, or to give the remaining notes held by the defendant Worthen priority of security to the notes so taken up by her.

As to the note for $425, being the tenth note secured by the mortgage in question, the defendant Worthen claimed, in his answer, that it was the understanding at the time the mortgage was executed that this note should stand postponed with respect to the mortgage security to the notes then given to said defendant. The language of the answer on this point was as follows: "At the time said mortgage and notes were executed it was understood, by all parties thereto, that this defendant's notes should be paid first and before Henrietta Henderson's note." The master reported that if the answer was admissible as evidence, and this language could be interpreted to mean that there was an understanding at the time of the execution of the mortgage, by the terms of which the notes of the defendant Worthen were to take precedence, in the matter of the mortgage security, to the note of the testatrix, then he found such to be the fact. Otherwise that there was no evidence to this effect, and he found that they all stood alike.

The defendant Forsyth was a legatee of the testatrix. He also owed the testatrix and her estate certain debts other than the mortgage notes in suit, and the master found, that after deducting from the amount of the legacy these unsecured claims, there would still be due him upon said legacy $759.90.

Blair *v.* White.

*Ide & Stafford*, for the orator.

The answer was not admissible to prove that the $425 note was postponed as to the security. The mortgage was a written contract, and no parol evidence could be admitted to vary it.

As to the postponement of the first four notes which were paid by the testatrix, the answer is not responsive to the bill, and not, therefore, evidence. This was a petition to foreclose, and not to settle the respective rights of the orator and Worthen. 58 Vt. 470; 38 Vt. 13, paragraph 3; 37 Vt. 245.

As to the claim of the defendant with reference to the legacy, no such question is properly before the court. The legacy was not a payment of the debt from Forsyth to the testatrix. Nor is this a case where the doctrine of the marshalling of securities should be applied, and the defendant permitted to file a cross bill, if necessary. The orator does not hold two securities for this debt, since the legacy is not a fund upon which he holds a lien. The payment of the first four notes by the testatrix and the passing over to her of the notes by the defendant operated as an assignment *pro tanto* of the security. The question is not how the defendant *did* understand it, but how on the facts he *ought* to have understood it. *Keyes* v. *Wood*, 21 Vt. 331; *Richardson* v. *Wright*, 58 Vt. 367; *Gunnison* v. *Bancroft*, 11 Vt. 490; *Chamberlin* v. *Farr*, 23 Vt. 272; *Jordan* v. *Dyer*, 34 Vt. 104; *Lewis* v. *Park*, 47 Vt. 336.

*Smith & Sloane*, for the defendant Worthen.

The first four notes were paid so far as the defendant Worthen is concerned, and he acted on that supposition. The report finds that when he presented the notes, the testatrix *paid*, not *purchased* them. There was no agreement for sale, and the payment of these notes should not be construed as a sale against the defendant Worthen. *Collins* v. *Adams' Exr.*, 53 Vt. 433.

The orator had in his hands due from the estate to Forsyth enough to pay these mortgage notes, and it would be inequitable under the circumstances, inasmuch as the value of the mortgage

(8)

premises is less than the entire debt, to allow him to go against
the mortgage security without first resorting to the fund in his
control. *Jeff* v. *Woods,* 2 Pere Williams 128 ; *Campbell* v. *Gra-
ham,* 5 Eng. Ch. 454; *Courtney* v. *Williams,* 23 *id.* 537 ;
*White* v. *Cordwell,* 20 L. R. Eq. 644 ; *Smith* v. *Kearney,* 2
Bar. Ch. 533; *Snyder* v. *Warbesse,* 3 Stockton 474 ; *Tinkham*
v. *Smith,* 56 Vt. 187 ; Schouler on Executors, secs. 469, 470.

If this cannot be insisted upon under the answer, the defend-
ant asks leave to file a cross bill.

The answer of the defendant Worthen was properly received
by the master as evidence as it is responsive to the bill. *Blaisdell*
v. *Bowers et al.,* 40 Vt. 126, 130.

The opinion of the court was delivered by

ROWELL, J.   The defendant Worthen's answer is not precise
as to the ground of defense.   There are statements in it which,
if taken by themselves, would indicate a claim that the notes he
passed over to the testatrix, Miss Henderson, were by the trans-
action between them, paid and extinguished as to the maker as
well as to him.   But taken all together, the fair scope of the
answer is considered to be, not that these notes were thereby ex-
tinguished as to the maker, but that as to this defendant they
were thereby postponed to the defendant's remaining notes in
respect of the right to share in the mortgage security.   The fact
that the notes were indorsed by the defendant supports this con_
struction of the answer, as it tends strongly to show that he did
not understand that they were extinguished as to the maker.

The defense must stand upon the answer, and standing thus,
the case is the common one of the assignment of a part of the
notes secured by a mortgage, without any agreement as to
whether the interest in the security should follow or not; in
which case a proportionate share of the security follows as
matter of law.   *Keyes* v. *Wood,* 21 Vt. 331.

The defendant seeks to avail himself of the legacy that the
testatrix gave to the maker of the notes, as payment of them. It
is objected that his answer as to payment is not sufficient to

Blair *v.* White.

enable him to do that, which is true, even though the legacy could be availed of as payment. But it cannot be, for it is not operative as payment until it is made so by being applied as such, which has not been done, although the executor has the right to do it. *Courtney* v. *Williams,* 3 Hare 539; *Brokaw* v. *Hudson's Executors,* 27 N. J. Eq. 135; 1 Pomeroy's Eq. sec. 541.

In *Tinkham* v. *Smith,* 56 Vt. 187, application of the plaintiff's distributive share in part payment of his debt was actually made by the administrator, and then pleaded as payment, and the plea was held good.

But inasmuch as the mortgage security is inadequate, and the orator has in his hands another fund to which he can legally resort for payment or part payment of his mortgage notes, equity requires that he should resort to that fund before resorting to the mortgage security to the damage of the defendant; for this course works no injury to either creditor, but does justice to both. But the orator is not bound to resort to that fund to the detriment of the estate in respect of the unsecured debts that the debtor owes it. But aside from those debts, the legacy should in some way be made to vantage the defendant in respect of his security.

But this cannot be decreed as the case now stands; and although we find no error in the decree, yet at the request of the defendant Worthen, it is reversed *pro forma,* with costs to the orator up to this time in this court and in the Court of Chancery, and the cause remanded, that said defendant may apply below for leave to take such steps or institute such proceedings in respect of this matter as he may be advised. In default of such application, let a decree be entered for the orator like the one appealed from.