## ANN BARTLETT v. GEORGE WADE ET AL.

### January Term, 1894.

*Transfer of mortgage note transfers security pro tanto.*
*Payment and subsequent issue of mortgage note.*

1. The transfer of a part of several mortgage notes operates as an assignment of the security *pro tanto*, irrespective of the order in which they fall due.

2. If the mortgagor pays to the mortgagee the amount due upon one of several mortgage notes, upon the representation that he desires to pay the note, that note is thereby extinguished as against the rest of the security, although the mortgagor really acted as the agent of a third party, who furnished the money, and to whom the note was delivered.

Bill for the foreclosure of a mortgage. Heard at the September term, 1893, Rutland county, upon the pleadings and a master's report. Tyler, chancellor, decreed *pro forma* for the oratrix in the sum of five hundred fifty dollars and eighty-seven cents, being the amount due September 12, 1893, upon the five notes held by her. The defendant appeals.

November 14, 1885, John Tiernan and wife executed the

mortgage described in the bill of complaint to the defendant Wade to secure the payment of eighteen promissory notes described in said mortgage.

Subsequent to the execution of the mortgage, and before any of the notes fell due, the oratrix purchased four of said promissory notes upon which the master found due September 12, 1893, the sum of four hundred eighty-two dollars.

When the oratrix purchased and took these notes she knew that they were mortgage notes, and nothing at that time was said between her and Wade upon the subject of priority.

Subsequently the oratrix let Tiernan have a town order for one hundred ten dollars for the purpose of purchasing for her another one of said mortgage notes which was about to fall due and was in amount fifty dollars. Tiernan obtained the money upon this town order, notified Wade that he desired to take up the mortgage note and paid him the money due on that note and the interest on the other notes, saying nothing to Wade about the oratrix or the fact that it was her money, and Wade understood and had a right to understand that Tiernan was paying the note. Tiernan took the note to the oratrix and gave her his own note for the difference between the amount due on the note and the town order.

The master found that there was due on this note September 12, 1893, sixty-eight dollars and eighty-seven cents, so that if the oratrix was entitled to recover in respect of the five notes, there was due her as of September 12, 1893, the sum of five hundred fifty dollars and eighty-seven cents.

*Butler & Moloney* for the oratrix.

By assigning a portion of the mortgage notes to the oratrix the defendant impliedly agreed that she should stand first as to the security. 2 Jones, Mort., s. 170; *Barkdull* v.

*Herwig*, 30 La. Am. 618 ; *Wright* v. *Parker*, 2 Aik. 212 ; *Keyes* v. *Wood*, 21 Vt. 331 ; *Langdon* v. *Keith*, 9 Vt. 300.

The note first maturing is the first lien upon the mortgage security. 2 Jones, Mort., ss. 1699, 1700 and cases cited ; *Schultz* v. *Plank*, 33 Am. St. R. 290 (141 Ill. 116) ; *Bank* v. *Tweed*, 8 Blackf. (Ind.) 447 (46 Am. Dec. 486) ; *Isett* v. *Lucas*, 17 Iowa 503 (85 Am. Dec. 572) ; *Grapengether* v. *Feejervary*, 9 Iowa 163 (74 Am. Dec. 336).

*Geo. E. Lawrence* for the defendant.

The assignment of a mortgage note carries with it impliedly an assignment of the security *pro tanto*, and nothing more. *Blair* v. *White*, 61 Vt. 110 ; *Keyes et ux.* v. *Wood et al.*, 21 Vt. 331 ; *Belding* v. *Manley et al.*, 21 Vt. 550 ; 1 Jones, Mort., s. 822 ; *English* v. *Carney*, 25 Mich. 178 ; Hancock's Appeal, 34 Penn. St. 155.

The oratrix cannot recover in respect of the last fifty dollar note, for the mortgagee, Wade, had a right to expect that note was paid. *Lancey* v. *Clark*, 64 N. Y. 209 ; Daniel, Neg. Instr., ss. 1221, 1222 ; *Eastman* v. *Plumer*, 32 N. H. 238 ; *Burr* v. *Smith*, 21 Barb. 262.

MUNSON, J.    It is the settled law of this state that when a part of the notes secured by a mortgage are assigned, without any contract provision in regard to the security, a proportionate interest in the mortgage passes with the notes by operation of law. *Keyes* v. *Wood*, 21 Vt. 331 ; *Blair* v. *White*, 61 Vt. 110. This doctrine, as enunciated in the cases cited, is clearly inconsistent with any claim of advantage based upon the order in which the notes mature. The holding is not merely that the notes transferred remain secured upon the property, but that they continue to sustain the same relation to the property that they did before the transfer. A *pro rata* interest in the mortgage is the right

to share *pro rata* in whatever security the mortgage affords. In this respect one note stands upon the same footing as another.

The oratrix cannot enforce against Wade, the mortgagee, the note obtained from him through the agency of Tiernan, the mortgagor. It appears that she requested Tiernan to procure the note for her, and furnished him the money with which it was obtained. A short time before the note became due, Tiernan told Wade he wanted to take it up, and Wade thereupon accepted the amount of the note, and delivered it to Tiernan. The connection of the oratrix with the transaction was not disclosed, and Wade supposed that Tiernan was paying his note. Under these circumstances Wade is entitled to have the note treated as paid. Tiernan's proposal was accounted for by the relation he sustained to the debt, and Wade had no reason to suppose that he was acting as the agent of another, and consequently was not charged with any duty of inquiry. If the note were to be kept on foot as against Wade, it would effect a sale of it when no sale was intended. Wade was under no obligation to give up the note except on payment, and a purchase of it could not be effected under the guise of payment. The holder of a note cannot be made a seller without his consent. *Collins* v. *Adams*, 53 Vt. 433; *Wells* v. *Tucker*, 57 Vt. 223.

*Decree reversed and cause remanded with mandate.*