EDWARD H. DEAVITT *v.* WALTER L. RING, Admr., et al.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed August 21, 1902.

*Subrogation—Facts disclosed by public records—Failure to examine.*

The grantee of that undivided half of premises which has become chargeable with the payment of a mortgage covering the whole premises, as shown by the records in the town clerk's office, is not entitled to subrogation to the rights of the mortgagee, upon redemption of the mortgage by his grantor with funds furnished by him.

APPEAL IN CHANCERY.   Heard on the report of a special master at the March Term, 1902, Washington County, *Start,* Chancellor, presiding.     Decree, *pro forma,* dismissing the bill.    The orator appealed.

*Edward H. Deavitt,* pro se.

The orator is entitled to subrogation, since he is a "purchaser who has extinguished an incumbrance upon the estate which he has purchased."    Sheldon on Subrogation, s. 3.    It is a general principle that when money is paid on a mortgage it shall operate as a discharge or assignment of it, as may best serve the purposes of justice.    Sheldon on Subrogation, s. 13 : *Harvey* v. *Hulbert,* 3 Vt. 561 ; *Marshall* v. *Wood,* 5 Vt. 250 ; *Matsen* v. *Shoeffer,* 65 Cal. 81 ; *Muir* v. *Berkshire,* 52 Ind. 149 ; *Johnson* v. *Robertson,* 34 Md. 165.

"Where the purchase money paid for real estate, under a sale which is afterwards avoided, has been applied in the extinguishment of a valid mortgage, such purchaser will be subrogated to the rights of the mortgagee, to the extent of the purchase money which has been applied."    Sheldon on Sub. s. 30; *French* v. *Grenet,* 57 Tex. 273 ; *Hull's Admr.* v. *Hull's Heirs,* 35 W. V. 155 ; *Goring's Exrx.* v. *Shreve,* 7 Dana (Ky.) 64 ; *Payne* v. *Hathaway,* 3 Vt. 212.

*Brown & Macomber* for the defendants.

The conveyance by Jane R. Ring of the one-half interest in the farm was in consideration that the grantee would pay the mortgage.   The mortgage rested upon the whole farm, so far as the mortgagee was concerned ; but as between Jane R. Ring and her grantee, the mortgage rested only upon the undivided half conveyed to him.    *Stevens* v. *Goodenough,* 26 Vt. 676 ; *Lyman* v. *Lyman,* 32 Vt. 79.    If Jane R. Ring had been compelled to pay the mortgage, or any part of it, she would have been subrogated and could have foreclosed the same against Stillman Ring, or his grantee.    Conversely,

Stillman would have been entitled to neither remedy if he had paid the mortgage. He would have done only what he was legally bound to do.

The record of this conveyance to Stillman Ring, and that from him to others was sufficient to put the orator upon inquiry, and he could easily have learned that Elizabeth Ring had undertaken to pay the mortgage as a consideration of the conveyance to her. *McDaniels* v. *Manufacturing Co.,* 22 Vt. 274; *Passumpsic Savings Bank* v. *Buck,* 71 Vt. 190.

The payment of the decree by Elizabeth Ring extinguished the mortgage, and the orator should not be subrogated. *Wilson* v. *Burton,* 52 Vt. 394; *Converse* v. *Cook,* 8 Vt. 164; Sheldon on Sub. ss. 46, 47.

START, J. It appears that the National Life Insurance Co., on the 2nd day of March, 1881, conveyed a certain piece of land to Jane R. Ring, and on the same day she and her husband mortgaged the same land to the Insurance Co. to secure the payment of one thousand dollars. On the 26th day of July, 1890, Jane R. Ring and her husband, Alvah C. Ring, conveyed one undivided half of the same land to Stillman L. Ring, and he executed a mortgage of the same to Jane R. and Alvah C. Ring, conditioned for the support of Jane R. and Alvah C. Ring and the payment of their debts, including the sum then due to the Insurance Co. on the mortgage aforesaid. Jane R. Ring died January 3, 1892, leaving five children, who are now living; and Wallis L. Ring was appointed administrator of her estate. Alvah C. Ring married again, and on the 4th day of July, 1893, Stillman L. Ring conveyed the one undivided half of the land so conveyed to him to Alvah C. Ring and his then wife, Elizabeth Ring; and Alvah C. and Elizabeth Ring assumed and agreed to pay the amount then due on the mortgage to the Insurance Co. Alvah C. Ring died October 6, 1898,

28

and William D. Hall is executor of his estate. On the 26th day of July, 1899, the Insurance Co. brought a suit to foreclose its mortgage, and made the administrator of Jane R. Ring's estate, the executor of Alvah C. Ring's estate and Elizabeth Ring defendants thereto; and such proceedings were had that a decree of foreclosure was entered, by the terms of which the equity of redemption as to the administrator of Jane R. Ring's estate was to expire September 7, 1900, and as to Elizabeth Ring seven days thereafter. The administrator did not redeem, and on the 14th day of September, 1900, Elizabeth Ring redeemed the premises by paying to the clerk of the court the amount of the decree. This sum was actually paid by the orator in this case, and on the same day Elizabeth Ring conveyed the premises to the orator by deed of warranty; and the sum so paid by the orator was a part of the consideration paid by him to Elizabeth Ring for the conveyance. Elizabeth Ring has no property aside from a pension. The premises are worth seven hundred dollars. The only actual knowledge the orator had of the title to the land when he took the deed was the knowledge he received from the petition and decree in the foreclosure suit. In taking the conveyance the orator did not intend to become a cotenant with any other person. The orator prays that he be subrogated to the rights of the Insurance Co. under its mortgage; that the decree be continued in force; that the defendants be decreed to pay to the clerk of the court, for the benefit of the orator, the amount of the decree, with interest and costs; and that, in default thereof, the defendants be foreclosed of all equity of redemption in the premises.

Upon these facts, the orator is not entitled to the relief prayed for. While the mortgage to the Insurance Co. rested upon the whole premises, as between Jane R. Ring and Stillman Ring and his grantees, it rested only upon the undivided half that was conveyed by Jane to Stillman; and, at the time

of Jane's decease, she held her half of the premises free and clear of the incumbrance as against Stillman and his grantees. If the administrator of Jane's estate had redeemed the premises, he could have foreclosed the mortgage given by Stillman to Jane, conditioned for the payment of the sum remaining due to the Insurance Co.; and the owner of the undivided half of the premises conveyed by Jane to Stillman would have been compelled to pay the entire mortgage debt in order to redeem. Elizabeth Ring, in redeeming the premises, did what she was legally bound to do in order to hold the half of the premises conveyed to her; and when she did so the undivided half of the premises not conveyed by Jane R. Ring was freed from the mortgage incumbrance.    *Guernsey* v. *Kendall,* 55 Vt. 201; *Stevens* v. *Goodenough,* 26 Vt. 676; *Lyman* v. *Lyman,* 32 Vt. 79, 76 Am. Dec. 151.    If the orator had taken the conveyance before the premises were redeemed, and had thereafter paid the sum due to the Insurance Co., the condition would have been the same.    The fact that his grantor redeemed the premises, as she was obliged to do, before the conveyance, and in doing so used the money paid by him, in consideration of a conveyance to be made to him, places him in no better situation as against the owner of the other half of the premises.    The deeds and mortgages were recorded in the town clerk's office, and he had constructive notice of their contents.    He is, therefore, chargeable with knowledge that Stillman Ring, under whom he claims title, was obligated to pay the entire mortgage debt for the benefit of the owner of the remaining half of the premises, and that the land he purchased was encumbered by a mortgage conditioned for the performance of this obligation.    No material fact has come to his knowledge since he paid the purchase price and took the conveyance that he would not have known if he had examined the record title of the premises.    He elected to pay over his money and take

the conveyance without examining the record. Had he done so, he would have learned that his grantor could convey only an undivided half of the premises, and that the remaining half was not chargeable for any portion of the sum paid by his grantor to redeem, and would not have made the purchase. The fact that he made the purchase in ignorance of these facts is due to his own neglect and inattention to those things that he could and would have known had he examined the public records. He is, therefore, affected with notice of all these facts of which he had the means of obtaining knowledge, and is not entitled to be subrogated to the rights of the Insurance Co. as against the owner of the other undivided half of the premises. *Converse* v. *Cook,* 8 Vt. 164; *Wilson* v. *Burton,* 52 Vt. 394; *Mc-Daniels* v. *Manufacturing Co.,* 22 Vt. 274; *Ripton* v. *Mc-Quivey's Admr.,* 61 Vt. 76, 17 Atl. 44.

*The pro forma decree is affirmed, and cause remanded.*