EDWARD H. DEAVITT *v.* WALTER L. RING, ADMR., ET AL.

October Term, 1903.

Present: ROWELL, C. J., MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed February 10, 1904.

*Mortgages—Foreclosure—Redemption—Mistake of Law— Relief—Subrogation.*

The grantee of that undivided half of premises which has become chargeable with the payment of a mortgage covering the whole premises, as shown by the records in the town clerk's office, is not entitled to be subrogated to the rights of the mortgagee, upon redemption of the mortgage by his grantor with funds furnished by him, although he purchased believing he should be so subrogated, and after consulting two solicitors, who so advised him, and although the owners of the other half of said premises were not parties to said purchase, and are in no way prejudiced thereby, and he disclaims all interest in the premises except the interest of said mortgage.

APPEAL IN CHANCERY. Heard on demurrer to supplemental bill at the March Term, 1903, Washington County,

*Stafford,* Chancellor.   Decree, *pro forma,* sustaining the demurrer, and dismissing the bill.   The orator appealed.

All the facts in this case are fully stated in the opinion of the Court in *Deavitt* v. *Ring, Admr., et al.,* 74 Vt. 431, supplemented by the statement in the opinion in this case.

*Edward H. Deavitt, pro se.*

Cancellation under a mistake is no cancellation, and the doctrine that a mistake, whether of law or fact, annuls a cancellation of a will or a deed is now firmly established.   *Perrott* v. *Perrott,* 14 East 423; *Doe* v. *Thomas,* 9 B. & C. 228; *Onions* v. *Tyrer,* 1 P. Wms. 345; *Eggleston* v. *Speke,* 3 Mod. 258; *Cocking* v. *Pratt,* 1 Ves. Sr. 400; *Bingham* v. *Bingham,* 1 Ves. Sr. 126; *Smithby* v. *Hinton,* 1 Vern, 32.

Equity will protect from the consequences of a discharge of a mortgage when done by mistake, and when such relief will not harm third persons.   *Gerdine* v. *Menage,* 41 Minn. 417, 420; *Cobb* v. *Dyer,* 69 Me. 494, 497; *Geib* v. *Reynolds,* 35 Minn. 331, 336; *Bruce* v. *Bronney,* 12 Gray, 107; *Matzen* v. *Shaeffer,* 65 Cal. 81.

The orator in taking the deed from his grantor did not become the principal debtor to the insurance company, the original mortgagee.   2 Pomeroy's Eq. Jur. §§ 797, 788, 798, 1212; *Webb* v. *Williams,* Walker's Mich. Ch. 544; *Muir* v. *Berkshire,* 52 Ind. 149.

Equity relieves against agreements made, or acts done by a party under a mistake by him of his legal rights, when the party seeking relief has acted in good faith and has not been negligent himself, and this whether the mistake is one of law or fact.

Kerr on Fraud and Mistake (Bumps Ed.) 398; *Pusey* v. *Desbouvrie,* 3 P. Wms. 315, 320; *Sturge* v. *Sturge,* 12 Beav.

229; *Reynell* v. *Sprye*, 8 Hare, 222, 255; *Coward* v. *Hughes,* 1 Kay & J. 443; *Morgan* v. *Dod,* 3 Col. 551; *Blakeman* v. *Blakeman,* 39 Conn. 320; *Baldwin* v. *Baldwin,* 14 Ore. 543; *Whalen's Appeal,* 70 Pa. St. 410; *Griswold* v. *Hazard,* 141 U. S. 260, 284, 286; *McKenzie* v. *McKenzie,* 52 Vt. 271; *Daniel* v. *Sinclair,* 6 App. Cas. 181.

*J. H. Macomber* for the defendants.

The orator's mistake is one purely of law, and is not ground for relief. 74 Vt. 431; *Ripton* v. *McQuivey,* 61 Vt. 76; *Churchill* v. *Bradley,* 58 Vt. 403; *McDaniels* v. *Bank,* 29 Vt. 230; *Burton* v. *Willey,* 26 Vt. 430; *Mellish* v. *Robertson,* 25 Vt. 604; *Howard* v. *Puffer,* 23 Vt. 366.

START, J. When this case was before this Court, as reported in 74 Vt. 431, it was held, on the facts as there reported, that the grantee of that undivided half of the premises which has become chargeable with the payment of a mortgage covering the whole premises, as shown by the record in the town clerk's office, is not entitled to subrogation to the rights of the mortgagee, upon redemption of the mortgage by his grantor with funds furnished by him. The material facts since brought upon the record by way of supplemental bill, which is demurred to, are to the effect, that the orator believed that a redemption by his grantor, Elizabeth Ring, after the time of redemption allowed to the administrator of Jane Ring's estate had expired, would enure solely to the benefit of Elizabeth Ring and her grantees; that, after consulting two solicitors whose opinion was the same as his own, he purchased in reliance upon such opinion and belief; that the estate of Jane Ring was not a party to the transaction between himself and Elizabeth Ring, in which the mistake occurred; that Jane Ring's estate has been in no way preju–

diced by his mistake; and that he disclaims any interest in the
premises, except the mortgage interest of the original mort-
gagee.

The orator asks for a decree that will, in effect, compel
the heirs of Jane Ring to restore to him the money he paid to
Elizabeth Ring in consideration of a conveyance by her of
the premises in question, or forfeit to him their estate in one
undivided half of the premises which they are entitled to
hold as against Elizabeth Ring and her grantees, free and
clear of the mortgage incumbrance. This he is not entitled
to. He did not redeem the premises. He purchased of Eliza-
beth Ring, believing that he was acquiring title to the whole
premises, when, in fact, his grantor owned only one undivided
half of the premises; and this, as between his grantor and the
heirs of Jane Ring, was chargeable with the mortgage then
resting upon the entire premises. He paid the purchase price,
and the same was used by his grantor in payment of the
mortgage indebtedness, which had so far become an indebt-
edness of hers, that, in paying it, as between herself and the
heirs of Jane Ring, she was paying her own debt. The belief
under which the orator took the conveyance and paid therefor
was not due to an absence of the means of knowing all the
facts respecting his grantor's title, as was held when the case
was before us upon the master's report. As the case now
stands, it must be taken that the belief under which he acted
was induced solely by his ignorance of the legal effect of the
redemption of the premises by his grantor; but this was a
mistake of law on his part which was in no way induced by
the heirs of Jane Ring. They are strangers to the transaction
in which the mistake occurred and are not affected by it. The
remedy for such a mistake, if any there is, is not against a
stranger to the transaction in which the mistake occurred'
and for whose benefit the money has been used by discharg--

ing a binding obligation. A purchaser of property, who, through a mistake of law on his part, does not acquire title to the extent he believed he was doing, cannot pursue and reclaim the purchase money from a stranger to the transaction in which the mistake occurred, who has received it from the vendor in extinguishment of an existing indebtedness. *Ripton* v. *McQuivery,* 61 Vt. 76, 17 Atl. 44; *Churchill* v. *Bradley,* 58 Vt. 403, 5 Atl. 189; *McDaniels* v. *Bank of Rutland,* 29 Vt. 230; *Rugg* v. *Brainard,* 57 Vt. 364; *Wells* v. *Tucker,* 57 Vt. 223; *Collins* v. *Adams,* 53 Vt. 433; *Hunt* v. *Ronsmamese,* 8 Wheat. 174; Am. & Eng. Ency. Law, 816, 817; *Dill* v. *Shahan,* 25 Ala. 694, 60 Am. Dec. 540; *Garwood* v. *Eldridge,* 1 Green's Chancery 145, 34 Am. Dec. 195; *Storrs* v. *Barker,* 6 Johns. Ch. 166, 10 Am. Dec. 316.

In *Ripton* v. *McQuivery,* before cited, McQuivery and wife took a conveyance of a piece of land and agreed to pay a debt then owing to the orator from their grantor, who was then responsible for all his debts. The orator, acting under a mistake as to the legal effect of the deed to the husband and wife, took the husband's note for the debt assumed by him and his wife and his sole mortgage upon a part of the premises to secure the same. After the death of the husband, the orator sought to have the premises charged with an equitable lien thereon to secure the payment of the debt; and the relief asked for was denied. In *Kleimann* v. *Gieselmann,* 114 Mo. 437, 35 Am. St. Rep. 761, it is held that, when the mortgagor and mortgagee of a homestead, mortgaged to raise money with which to pay off a prior mortgage, acted under a mutual mistake in supposing that the homestead belonged to the mortgagor in fee, to the exclusion of her minor children, equity will not grant relief by subrogating such mortgagee to the rights of the prior mortgagee.

*The pro forma decree dismissing the bill affirmed, and cause remanded.*