TOWN OF TOWNSHEND *v.* HORACE C. HOWARD'S ESTATE ET AL.

Special Term at Brattleboro, February, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 8, 1920.

*Equity Pleading—Sufficiency of Allegations of Fraud—Degree of Certainty Required—Sufficiency of Allegations for Relief on Ground of Mistake—Failure to Exercise Diligence Bars Relief from Mistake of Fact.*

1. In a suit by a town for discovery, an accounting, and recovery of damages against a decedent's estate for failure to pay taxes, on the ground that the guardians of the deceased, who was of unsound mind, had removed him from the town and had represented that his residence for the purpose of taxation had been removed therefrom, the bill was defective, as alleging fraud, in not alleging that the guardian who made the representation knew or had reason to know that decedent's domicile was in the town, and in failing to show that such representation was not an opinion or claim honestly made in the assertion of a supposed legal right.

2. While the same precision of statement that is required in pleadings at law is not required in pleadings in chancery, it is necessary that there be such a degree of certainty as will give the defendant full information of the case he is called upon to answer.

3. The bill was insufficient for relief on the ground of mistake because it contained no allegation of diligence on the part of the plaintiff to discover where the decedent's domicile was for the purpose of taxation.

4. Where a party has acted through mistake of fact, courts of equity will never afford relief where actual knowledge could have been obtained by the exercise of due diligence and inquiry.

APPEAL IN CHANCERY. Bill for discovery, an accounting, and for the recovery of damages. Heard on the defendants' demurrer to the bill at the September Term, 1919, Windham County, *Wilson,* Chancellor. Decree, sustaining the demurrer,

adjudging the bill to be insufficient, and dismissing the same with costs. The plaintiff appealed. The opinion states the case.

*Barber, Barber & Miller* for the plaintiff.

*Harvey, Maurice, Whitney & Fitts* and *John W. Redmond* for the defendants.

MILES, J.   This case comes here by appeal from a decree of the court of chancery sustaining a demurrer to the plaintiff's bill of complaint and dismissing the bill with costs to the defendants. The prayer of the bill is for discovery, an accounting, and for the recovery of damages. The bill was demurred to on several grounds, among which was the ground that no cause of action was alleged which entitled the plaintiff to relief in equity.

The allegations in the plaintiff's bill of complaint upon which it bases its right to relief are, in substance, that Horace C. Howard in 1884, then a resident of the plaintiff town, became of unsound mind, and a guardian was appointed to have charge of his person and property; that previous to that time he was a tax-payer and resident in Townshend; that in 1885 or 1886 his guardian removed him to Brattleboro, Vermont; that he was kept and detained there and at a hospital in Waverly, Massachusetts, by his guardians, until his death in 1918; that "after the year 1890 the guardian or guardians of the said Horace C. Howard ceased to pay any taxes whatsoever to the town of Townshend upon the estate of the said Horace C. Howard; that the listers of said town of Townshend were informed by the said guardian or guardians and believed, and from the acts, statements, and representations of the said guardian or guardians, had good and sufficient reason to believe, that the legal domicile and residence of the said Horace C. Howard for the purpose of taxation had been removed from the said town of Townshend to the said town of Brattleboro by the said guardian or guardians; that by reason thereof no taxes were assessed against the estate of the said Horace C. Howard from the year 1890 to the time of his death on July 11, 1918." The bill further alleges that Howard's domicile and residence for the purpose of taxation, from the time of his removal to the time of his death, was in Townshend, and that by reason of the premises aforesaid Townshend has lost its taxes. It is upon these allegations that the

plaintiff bases its claim to relief on the ground of fraud and mistake.

[1, 2]   As allegations of fraud they are defective in not alleging that the guardian or guardians who informed the listers of Townshend that the domicile of Howard, for the purpose of taxation, had been removed to Brattleboro, Vermont, knew or had good reason to know that his domicile was in Townshend and not in Brattleboro, and in not alleging facts showing that such information was not an opinion or claim honestly made in the assertion of a supposed legal. right.   To constitute actual fraud, which is here relied upon, not only must the representations be false, but they must be made with a knowledge of their falsity, or made in such a reckless manner that the law will presume them to be made with knowledge.   The plaintiff admits this to be the law in its brief.   Nor is there any allegation in the bill that such information was given to the listers by either of the defendants; but the fair interpretation of the allegations in the bill is that the guardian or guardians who were such at the time Townshend ceased to assess the estate of Howard were those who gave the information to the listers of the plaintiff, and not Wellman and Mrs. Slack, who were appointed Howard's guardians a long·time thereafter.   Indeed, the bill is defective in the charge of fraud, in that it fails to charge it to any particular person or persons and lacks that degree of certainty required in all pleadings.   While the same precision of statement that is required in pleadings at law is not required in pleadings in chancery, yet it has always been deemed necessary that such a degree of certainty should be adopted as may give the defendant full information of the case he is called upon to answer.   Daniel's Ch. Pl. & Pr., Vol. 1, 373.   Here the bill fails to inform the defendants of whether they are called upon to answer for the fraud alleged to have been practiced upon the plaintiff by themselves or either of them or by guardians preceding them.   A case is thus presented which cannot be answered by the defendants with accuracy.

[3, 4]·  The allegations in the bill are insufficient to entitle the plaintiff to relief on the ground of mistake.   Where a party has acted through mistake of fact, courts of equity will never afford relief where actual knowledge could have been obtained by the exercise of due diligence and inquiry.   *McDaniels* v. *Bank of Rutland*, 29 Vt. 230, 70 A. D. 406; *Durkee* v. *Durkee*, 59 Vt. 70, 8 Atl. 490; *Ripton* v. *McQuivey's Admr.*, 61 Vt. 76,

17 Atl. 44. The bill contains no allegation of diligence on the part of the plaintiff to discover where Howard's domicile was for the purpose of taxation. It is alleged that the listers had good reasons to believe and did believe from the acts, statements, and representations of said guardian or guardians that Howard's domicile was in Brattleboro; but there is no statement whether those acts, statements, and declarations were done and made by one or more of those guardians, or who that guardian or guardians were, or what those acts, statements, and representations were, and there is no allegation that the listers or any other person or persons, acting on behalf of the plaintiff, did anything before this bill was brought to discover the actual facts relating to the residence of Howard after they were informed that his residence had been changed.

*In any view that may be taken of the case, the allegations in the bill are insufficient to entitle the plaintiff to the relief prayed for, and we find no error in the decree below, and the same is affirmed and remanded.*