## PEARL M. VINCENT *v.* BEN VINCENT.

October Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 4, 1941.

*John T. Conley* and *William S. Burrage* for plaintiff.

*A. Pearley Feen* and *Wayne C. Bosworth* for defendant.

SHERBURNE, J.  It appears from the findings of fact in this case that on April 8, 1939, Herman E. Vincent, the late husband of the plaintiff, held title in his name to two pieces of land in New Haven, which had been developed and operated as a tourist camp, and upon which buildings had been erected, all by the joint effort, work, services and moneys of both the plaintiff and her husband.  On that date they entered into a written agreement, in which it was recited that the plaintiff had a homestead right in said property and was also interested due to the fact that the property had been built up through their joint efforts, and that the property was about to be sold to John E. Robas and Olyve J. Robas for the sum of $7500.00, of which $4000.00 was to be paid in cash, and $3500.00 was to be paid by a note for that sum secured by a mortgage on the property, and they therein agreed that out of said sum of $4000.00 an existing mortgage of $1000.00 and interest should be paid, and out of the balance the plaintiff should have $1250.00 as her sole and separate property and that the rest should be the sole and separate property of her husband, and that the mortgage and note for $3500.00 should be deposited with the National Bank of Middlebury, and as the note was collected the proceeds should be paid by the bank one half to the plaintiff and one half to her husband.  On April 10, 1939, the plaintiff and her husband executed a deed of the property to the parties named in the agreement, who in turn executed to the plaintiff and her husband a mortgage thereon securing a note for $3500.00 made payable "to the order of Herman E. Vincent

and Pearl M. Vincent.'' The findings recite that the agreement of April 8, 1939, ''was carried out and the $3500.00 note is still at the National Bank of Middlebury,'' and further show that on August 31, 1940, Herman E. Vincent executed to his brother, the defendant, an assignment of his right, title and interest in and unto the premises mortgaged by John E. Robas and Olyve J. Robas to Herman E. Vincent and Pearl M. Vincent, and that no consideration was paid therefor. Herman E. Vincent died on November 12, 1940.

By her bill of complaint the plaintiff asks that the assignment of the mortgage to the defendant be declared null and void. To a decree dismissing the bill she has excepted. She contends here that on the facts found she was entitled to have a decree in her favor decreeing to her as her sole and separate property the mortgage and note for $3500.00.

One of the principal subjects of contention between the parties is whether or not the plaintiff and her husband took the mortgage and note as tenants by the entirety. Without so deciding, we will assume in the disposition of this case, that, as the plaintiff claims, they did so take.

■■ From the findings that the agreement of April 1, 1939, was carried out and that the $3500.00 note is still at the bank, the reasonable inference is that by the joint act of the plaintiff and her husband the note was deposited with the bank for collection with a direction that the proceeds as collected be paid by the bank one-half to the plaintiff and one-half to her husband, and that thereby they intended to divide between themselves the avails of the note as well as the balance of the cash received above the amount required to pay the $1000.00 mortgage. The agreement clearly indicates the purpose of the deposit at the bank, and such a deposit under the circumstances effected a division of the note between them. Such a division gave each of them, in equity, an equal share in the mortgage security. *Snyder* v. *Parmalee,* 80 Vt. 496, 499, 68 Atl. 649; *Keyes et ux.* v. *Wood et al.,* 21 Vt. 331, 337, 338. See, also, *Pratt et al.* v. *Bank of Bennington et al.,* 10 Vt. 293, 33 Am. Dec. 201; *Belding* v. *Manly et al.,* 21 Vt. 550; *Nash & Wardlow* v. *Kelley et al.,* 50 Vt. 425, 429, 430; *Sargent* v. *Baldwin,* 60 Vt. 17, 26, 13 Atl. 854; *Blair* v. *White,* 61 Vt. 110, 114, 17 Atl. 49; *Bartlett* v. *Wade et al.,* 66 Vt. 629, 631, 30 Atl.

4. It follows that the plaintiff was not entitled to have the note and mortgage decreed to her as her sole and separate property.

The findings show that administration has been taken out upon the estate of Herman E. Vincent. As to whether the assignment to the defendant is of any effect is a matter to be determined between Herman E. Vincent's administrator and the defendant, and not between the parties to this suit.

No error is made to appear.

*Decree affirmed.*