CHRISTOPHER C. RYDER *vs.* WILLIAM ROBINSON.

A lessee, four years before the expiration of the lease, and just before the lessor's death, agreed in writing with him for an extension of the term; but the lessor's execulor did not execute a new lease, and at the end of the original term gave the lessee notice to quit. *Held,* that the lessee was not then debarred from maintaining a bill for specific performance of the contract, in the absence of evidence of injury to the lessor or his representatives, by his delay.

BILL IN EQUITY against the executor of and trustee under the will of David Parker, praying that the defendant might be decreed to specifically perform a contract made by his testator for a lease of buildings in Boston. Hearing before the chief justice, who reported for the determination of the full court the case which is stated in the opinion.

*T. H. Sweetser & W. S. Gardner,* for the plaintiff.

*R. M. Morse, Jr., (C. P. Greenough* with him,) for the defendant.

GRAY, J. The plaintiff, holding a lease of one building from David Parker for four years from April 1, 1866, at a rent of $540 yearly, and having entered into a negotiation for the purchase of the rights of Joshua Brewster and Edward P. Weeman in the adjoining building, which had been leased by Parker for the same period to Brewster, who had underlet to Weeman, applied to the defendant, Parker's agent in Boston, and requested him, as the report finds, "to obtain from Parker a lease of the lots occupied by him and Weeman for a period of ten years from April 1, 1866 — that is, a new lease extending six years from April 1, 1870 — and offered to pay a rent of $900 per year." The defendant stated this request and offer to Parker, and by his authority wrote to the plaintiff, "If you wish to lease that part of the estate now occupied by Weeman, you can have it" (that is to say, the whole estate, of which the plaintiff had requested a new lease, of which the defendant had just mentioned part as occupied by Weeman, and of the other part of which the plaintiff already held a lease for four years) "at $900 per year," further explained to be "$360 for the first four years" (which, added to the rent of $540

already payable by the plaintiff according to his previous lease for that time, would, as shown by the computation made in the letter itself, make up the $900) "and nine hundred for the six years.

This letter, which was received by the plaintiff before Parker's death, was a distinct acceptance of the offer which the plaintiff had made, exactly according to its terms, and made a complete contract between the parties. It is therefore unnecessary to consider what, if the contract had not already been thus completed, would have been the effect of the plaintiff's reply, which was put by him into the post-office, but not received by the defendant or Parker before the death of the latter.

The plaintiff immediately afterwards purchased the rights of Brewster and Weeman in the other lot, and remained in possession of both until April 1, 1870, when the defendant, as executor of Parker's will, gave him notice to quit, and brought an action against him to recover possession of both lots. The plaintiff thereupon filed this bill for an injunction of that action, and for specific performance of the defendant's agreement to give a lease extending six years from that date. The facts show no injury to the defendant or the legal representatives of Parker from the delay in filing this bill, no ground for imputing laches to the plaintiff, and no reason why the defendant should not specifically perform the contract.     *Specific performance decreed.*