# LIZZIE L. SMITH v. H. M. PIERCE, ADMR.

### General Term, 1892.

*Agreement for life support.  Specific performance.  Part performance.  Creditor estopped from objecting.  Costs.*

The intestate, being the owner of a house and some little personal property, and in great need of some one to care for him, caused two letters to be written to the oratrix, in which he promised her that if she would support him during the remainder of his life she should have all his property. The oratrix did thereupon, in reliance upon these letters, move into the house, and care for the intestate until his death. This bill was for a specific performance of the contract. The master found that the intestate did not in fact convey his property to the oratrix, but that she took dominant possession of the house, and rendered services before his death worth more than the entire estate ; that the expenses of his last sickness and funeral expenses had not been paid, and that certain debts had been proved against the estate. *Held,*

1. That the persons who wrote the letters by procurement of the intestate were competent witnesses to that fact.

2. That the taking and continuing in possession of the house by the oratrix was a part performance, which took the case out of the statute of frauds.

3. That the oratrix was entitled to a specific performance of the entire contract as to both real and personal property, but must pay expenses of last sickness and funeral expenses.

4.  That the creditors, having stood by until the oratrix had ren-
    dered services to more than the value of the entire estate,
    could not afterwards object.

5.  Neither party having entirely prevailed in supreme court, no
    costs are awarded in that court.

Bill for specific performance. Heard upon the plead-
ings and a master's report at the March term, Washington
county, 1892. THOMPSON, Chancellor, decreed that the
defendants convey the real estate to the oratrix, and that she
recover her costs. The defendants appeal. The opinion
states the case.

*T. J. Deavitt* for the defendants.

The writers of the letters were not competent witnesses.
*Davis, Admr.*, v. *Windsor Savings Bank*, 48 Vt. 532;
*Merrill* v. *Penny*, 43 Vt. 606; *Hollister* v. *Young*, 42 Vt.
403.

The oratrix contracted to buy the real estate of the intes-
tate, and paid for it. She is entitled to recover the purchase
price and nothing more. *Welch* v. *Darling*, 59 Vt. 136.

*J. A. Wing* for the oratrix.

There was a part performance, which takes the case out
of the statute of frauds. *Griffith* v. *Abbott*, 58 Vt. 356;
*Eaton* v. *Whitaker*, 18 Conn. 222–230; *Clark* v. *Higgins*,
7 Conn. 342; *Marphill* v. *Janes*, 1 Swanton 173; *Orr* v.
*Clark*, 62 Vt. 136–146; Brown Fr. 389; *Pain* v. *Morgan*,
10 Atl. Rep. 663; *Ford* v. *Hull*, (Neb.) 48 N. W. Rep.
271; *Putnam* v. *Franklin*, 83 Mich. 628–647, N. W. Rep.
687; Simmons' Appeal, 140 Pa. 567; 21 Atl. Rep. 402;
*Dunbar* v. *Vile*, 123 Ind. 68.

The creditors having stood by while the oratrix performed
on her part cannot now object. *Kelsey* v. *Kelly*, 63 Vt. 41.
Read from page 50 to 52.

The opinion of the court was delivered by

ROWELL, J.   In 1879 the intestate owned and occupied a house and garden worth $500.   He was old, feeble, dissipated, without wife, without children, without near relatives that he loved, without anybody to care for him.   He had a little personal property, but owing to his secretive habits nobody knew how much, but the master thinks it did not exceed $400.   He lived alone, and did his own cooking and housework.   His garden afforded much of his food, and his fuel was the flood-wood that he gathered from the stream that flowed past his door.   The oratrix was a widow in poor circumstances, though she had a cooking stove and other household goods sufficient to furnish such a house as the intestate's.   In the fall of that year she, with her son, a young lad, went to live with the intestate.   She claimed that the following spring they entered into an arrangement that she was to remain with and care for the intestate during his life and have his property, and that she did remain there under that arrangement for five years, when she left because he neglected to perfect it so she would be sure of the property.   Her services during the period are found to have been worth $3 per week.   But this claimed agreement is not found.

After the oratrix went away the intestate again lived alone, and in a most miserable condition.   He gradually failed in health, blindness came upon him, diabetes set in, and he continued his dissipation.   In time he came greatly to desire that the oratrix should return and take care of him, and he caused a letter to be written to her to that effect, and telling her that she could have what there was if she would.   She not replying to this letter, he soon caused another to be written to her, more full and explicit than the first, in which he said that he wanted her to come back and take care of him, and he would deed her the place and let her have what

money he had. She made no written response to this letter, but within two weeks after it was mailed, acting upon the assurances contained in both letters, she came back to the intestate's house, accepted his proposition, and in pursuance thereof remained with, and faithfully cared for and supported him until his death; and it is found that what she did and what she furnished for him during this period were worth $5 per week, which amounts to more than his entire estate was worth when he died. The house was never deeded to her, but it fairly appears from the report that she was at the head of affairs and had the dominant possession of the premises, although the intestate continued to remain there as a recipient of her care and support. Since the death of the intestate the oratrix has remained in possession, claiming under the contract set up in the bill, which she seeks to have specifically performed.

Some claims have been allowed against the estate, but it does not appear when they accrued, and the funeral expenses have not been paid. It does not appear that there are any unpaid expenses of the last sickness.

It is objected that the persons who wrote the letters were not competent to show that the intestate authorized them to write and send them, for that such authority constitutes a part of the contract in issue and on trial. But if this is so, as these persons were but the agents of the intestate, they are not parties to the contract, and are, therefore, not rendered incompetent by the statute.

It is also objected that the contract found is within the statute of frauds, and so not enforceable. What the oratrix did in taking possession of the place, and in caring for and supporting the intestate, is all referable solely to the contract, and was done in performance thereof on her part; and what the intestate did by way of giving her possession, or of letting her into possession, was done in part performance thereof on his part; and we think that such perform-

ance and part performance are effective in equity to take the case out of the statute ; and so are the authorities. *Eaton* v. *Whitaker*, 18 Conn. 222 ; (44 Am. Dec. 586) ; *Morphett* v. *Jones*, 1 Swanst. 172 ; *Pain* v. *Coombs*, 1 De G. & J. 34 ; 1 Sugd. Vend. & Purch. (151) ; *Denlar* v. *Hile*, 123 Ind. 68.

At the time the intestate died he held a note against one Jangran, on which there was then due the sum of $45.87. This note, or the avails thereof, if it has been paid to the defendant, belongs to the oratrix under the agreement, but it was not decreed to her below ; and although the defendant appeals, it can be decreed to her now. But she must pay the funeral expenses and the expenses of the last sickness, and she says she is willing to pay them.

The interest of creditors cannot now avail to defeat specific performance, because they have laid by till the oratrix has more than paid for the property. *Kelsey* v. *Kelley*, 63 Vt. 41.

It is considered, therefore, that the agreement found by the master ought to be specifically performed and carried into execution, and it is so ordered.

As both parties have prevailed to some extent on appeal, neither party is allowed costs in this court.

*Judgment reversed and cause remanded.*