## CORNELIA L. FOWLER *v.* A. CONSTANCE SANDS.

October Term, 1900.

Present: TAFT, C. J., TYLER, START and STAFFORD, JJ.

Opinion filed May 9, 1901.

*Specific performance—Contract for the sale of land*—While the inadequacy of any remedy at law is requisite to a decree for specific performance, in the case of a contract for the sale of land the remedy at law is considered to be necessarily inadequate in respect to damages.

*Same—Discretion governed by settled principles*—In the case of a breach of contract for the sale of land, if the statute of frauds is satisfied and the equitable conditions other than the inadequency of the remedy at law exist, it is almost a matter of course that a Court of Chancery will, in the exercise of sound discretion, decree specific performance.

*Equitable conditions of a decree for specific performance*—The equitable conditions of a decree for specific performance are herein enumerated and are found in the facts of the case.

*Specific performance—Contract including personalty with realty*—In the case of a contract for the sale of a lot with a furnished house thereon, a decree for specific performance may properly pass, although personal property is included with the realty.

*Practice in the Supreme Court—Reversal pro forma that demurring defendant in Chancery may replead*—Although the decree of the Court of Chancery for the orator was correct, still, as the questions considered were raised by demurrer, and the defendant desired to replead, the decree was reversed *pro forma*, and the cause remanded that the defendant might replead as desired.

BILL IN CHANCERY to compel the specific performance of a contract. Heard on demurrer to the bill, Bennington County, June Term, 1900, *Watson,* Chancellor. The demurrer was overruled, the bill adjudged sufficient and a decree rendered for the orator in accordance with the prayer of the bill. The defendant appealed.

*Joel C. Baker* for the orator.

*Batchelder & Bates* for the defendant.

STAFFORD, J.  Mrs. Fowler and Mrs. Sands made a contract in writing, under their hands and seals, and attested by one witness, for the purchase and sale of a furnished house and grounds in the village of Manchester—Mrs. Sands as owner and seller, Mrs. Fowler as buyer.  The writing was made and dated August 12, 1899; the deed was to be delivered on or before the 14th of the next month and possession given under it the 15th.  The price was six thousand dollars.  The place was under a mortgage of two thousand dollars which Mrs. Fowler was to assume.  She paid Mrs. Sands ten dollars down, and was to pay the remaining three thousand nine hundred and ninety dollars upon the delivery of the deed.  A list was added of the furnishings that were to go with the house and lot.  The contract was delivered to Mrs. Fowler, who, having purchased the property for a home and expecting the deed and possession as agreed, came to Manchester with her family on the day named tendering full performance on her part.  But Mrs. Sands refused.  This bill, which is met by general demurrer, is brought for specific performance.

When equity decrees specific performance it is upon the ground that the remedy at law is inadequate, but when the contract is for the sale of land it is considered that damages are necessarily inadequate—3 Pomeroy Eq. Jurisp. s. 1402—and hence, if the other equitable conditions exist,—if the contract is in writing or taken out of the statute of frauds by acts of the parties,—if it is upon sufficient consideration, mutual, concluded, certain, clear, fair and above board, and capable of just and exact enforcement by decree, it is almost a matter of course, although spoken of as a matter of sound discretion, to enforce its performance.  3 Pomeroy Eq. Jurisp. s. 1404.  The present case falls fairly within the rule, although the Vermont cases that have reached this court seem to have turned almost

invariably upon the statute of frauds, which is clearly satisfied here.

*Smith* v. *Pierce,* 65 Vt. 200, is authority for a decree even when, as in this case, personal property is included with the real.

· *The decree of the Court of Chancery, in accordance with the prayer, was correct; but as the defendant desires to re-plead it is reversed pro forma, and the cause remanded for that purpose.*