IDA F. KITTREDGE, BY HER NEXT FRIEND, ET AL. *v.* ALBERT
K. KITTREDGE.

October Term, 1906.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, POWERS, and
MILES, JJ.

Opinion filed November 22, 1906.

*Equity—Specific Performance—Husband and Wife—Statute
of Frauds.*

In a suit in equity for specific performance, brought by a wife and
her children by a former husband against her present husband,
the bill alleged that, after her marriage with defendant, the wife
was indebted to her said children and had nothing wherewith to
pay them except a certain farm, which she owned in her own right
and in which defendant was claiming an interest by virtue of his
marital relation; that an agreement was thereupon entered into
between the complainants and defendant by which a portion of

22

that farm was to be conveyed to defendant and by which, in return, he was to join with his wife in deeding the remainder of the farm to her said children; that the part of said agreement which was for defendant's benefit had been fulfilled, but that he refused to perform his part; and that said children are in possession of that part of the farm which defendant was to join in deeding to them. *Held*, on demurrer to the bill, that the contract alleged is peculiarly one for cognizance and enforcement in a court of equity, which in such case is not at all embarrassed by the marital relation.

By the alleged performance and possession the agreement is taken out of the Statute of Frauds.

The unconstitutionality of No. 49, Acts 1896, as amended by No. 55, Acts 1898, is irrelevant to the case stated in the bill. *Hubbard* v. *Hubbard*, 77 Vt. 73, distinguished.

APPEAL IN CHANCERY. Heard on demurrer to the bill at the June Term, 1906, Orange County, *Tyler*, Chancellor. Demurrer sustained and bill dismissed. The orators appealed. The opinion states the material allegations of the bill.

*R. M. Harvey* for the orators.

Courts of equity will specifically enforce a contract made by a husband with his wife and others, which involves the wife's separate property. *Curtis* v. *Simpson*, 72 Vt. 232; *Pinney* v. *Fellows*, 15 Vt. 525; *Barron* v. *Barron*, 24 Vt. 375; *Frary* v. *Booth*, 37 Vt. 87; *Hubbard* v. *Bugbee*, 58 Vt. 172; *Richardson* v. *Morrill's Est.*, 32 Vt. 27; *Caldwell* v. *Renfrew*, 33 Vt. 213; *Willard* v. *Dow*, 54 Vt. 188; *Hackett* v. *Maxley*, 68 Vt. 210; *Drew* v. *Corliss*, 65 Vt. 650.

*Darling & Wilson* for the defendant.

A post nuptial agreement to be valid must be in writing and properly executed. 19 Cyc. 1247.

HASELTON, J. This bill as amended is a bill to compel specific performance. Ida F. Kittredge, by her next friend, and Rollin B. Prescott and Gertrude E. Prescott are complainants in the amended bill in this cause. The defendant answered the amended bill and incorporated a demurrer therein. The court of chancery rendered a decree sustaining the demurrer to the amended bill and dismissing the same. The complainants appealed. Among the facts set out in the bill as amended are the following: Albert K. Kittredge and Ida F. Kittredge are husband and wife. They were married in 1895. Rollin B. Prescott and Gertrude E. Prescott are children of Ida F. by a former husband, and are of legal age. At the time of the marriage of Ida F. and Albert K. the former owned in her own right a certain farm called the Prescott farm. In 1903 the said Ida F. was indebted to her children, Rollin B. Prescott and Gertrude E. Prescott, and had no property out of which to pay them except the farm. At the same time her husband, Albert K., was claiming an interest in the farm by virtue of the marital relation. Thereupon an agreement was entered into between the complainants and the defendant by which a portion of the farm was to be conveyed to the husband through a third person, and by which in return he was to join with his wife in deeding the remainder of the farm to his wife's children hereinbefore named. The part of the agreement which was for the benefit of the husband was carried out, but he, having got the benefit of the arrangement, refused to perform on his part. However, the said Rollin and Gertrude are in possession of the part of the farm to which the defendant's agreement in respect to a deed to them related. The marital relation does not embarass a court of equity in a case such as the bill states. *Pinney* v. *Fellows,*

15 Vt. 525; *Barron* v. *Barron,* 24 Vt. 375; *Frary* v. *Booth,* 37 Vt. 87; *Curtis* v. *Simpson,* 72 Vt. 232, 47 Atl. 829.

The contract here was peculiarly one for cognizance and enforcement in a court of equity. *Mann* v. *Mann's Est.,* 53 Vt. 48, 55.

The unconstitutionality of No. 49, Acts of 1896, as amended by No. 55, Acts of 1898, see *Hubbard* v. *Hubbard,* 77 Vt. 73, 58 Atl. 969, is irrelevant to the case stated in the amended bill. Here is no attempt to deprive the husband of his property without due process of law, but rather an attempt to prevent him from defrauding his wife and the other complainants. The case has the elements which make a decree for specific performance essentially a matter of course, though, to speak with exactitude, the granting of such a decree rests in the discretion of the court. *Fowler* v. *Sands,* 73 Vt. 236, 50 Atl. 1067.

The Statute of Frauds is suggested as an obstacle, but by such performance and possession as are set out in the bill the agreement is taken out of the Statute of Frauds. *Stark* v. *Wilder,* 36 Vt. 752; *Griffith* v. *Abbot,* 56 Vt. 356; *Holmes* v. *Caden,* 57 Vt. 111; *Smith* v. *Pierce,* 65 Vt. 200, 25 Atl. 1092.

*The decree sustaining the demurrer to the amended bill and dismissing the same is reversed, the bill is adjudged sufficient and the cause is remanded.*