PHILA THETA GOVE v. REUBEN GOVE'S ADMR. AND ELLA GOVE.

Special Term at Brattleboro, February, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, AND TAYLOR, JJ.

Opinion filed October 14, 1914.

*Oral Contract for Sale of Real Estate—Specific Performance
against Seller's Administrator—Statute of Frauds—Posses-
sion of Premises and Substantial Improvements Thereof
Under the Contract—Effect—Demand of Deed—Necessity—
Laches—Husband's Sole Contract for Conveyance of a Par-
cel of his Homestead—Validity—Court's Discretion in
Specific Performance.*

Where it appears that oratrix went into possession of a house and lot,
    and made substantial improvements thereon, under an oral contract
    with her son, who owned the land and has since deceased, that
    she was to furnish the materials for building the house, and he
    was to do a part of the work, which he did, and also furnished
    some of the materials for the house, and that the premises should
    be conveyed to oratrix, and there is no finding that the son had
    any claim for services nor for materials furnished, equity will
    decree specific performance against the son's administrator, and
    the Statute of Frauds is no defence.

A husband's sole contract for the conveyance of real estate, parcel of
    his homestead, is valid, where it appears that the remainder of his
    home place, consisting of his dwelling-house and the land there-
    under and adjacent thereto, was worth $600.

Where oratrix went into possession of a house and lot, and made sub-
    stantial improvements thereon, under an oral contract with her
    son, who was the owner and has since deceased, that the premises
    should be conveyed to her, equity will decree specific performance
    against the son's administrator, though the son lived about ten
    years after the oral contract was made, and the oratrix never
    demanded a deed either from him or his administrator, and the
    suit was not brought till nearly a year after the son's death, where
    it appears that no harm could result from the delay, and that the
    administrator took possession of the house while oratrix was
    absent, forbade her to enter, except to remove her personal

property, and notified her that he refused to convey the place to her.

Though a bill for specific performance is said to be addressed to the "discretion" of the court of chancery, the exercise of that discretion has come so much to be governed by well-settled principles that the resulting decree is almost a matter of course and so, on appeal from a decree dismissing a bill for specific performance the general rule governing the review of the exercise of discretion by the lower court does not apply.

APPEAL IN CHANCERY. Heard on the pleadings and master's report, at the June Term, 1913, Windsor County, *Miles,* Chancellor. Decree dismissing the bill with costs to defendants. The opinion states the case.

*Davis & Davis* for the orators.

*William Batchelder* for the defendants.

POWERS, C. J. Reuben Gove, son of the oratrix and husband of Ella Gove, one of the defendants, owned a piece of land in Norwich, on which he lived with his family. His dwelling-house was on the east side of a road that ran through the land, and the house and lot here in question were on the west side of this road.

Sometime about the middle of October, 1899, Reuben made an oral contract with his mother, the oratrix, by the terms of which she was to furnish the materials for, and he was to do a part of the work of, building a house on his land west of the road and north of a certain passageway; and the house and lot were to be deeded to her. Work was begun on the house that fall by Reuben and his son, and continued as long as weather permitted. Little was thereafter done on the house until one Porter did some work thereon, and furnished some materials therefor in December, 1905, and January, 1906. About this time, the oratrix moved into the new house, and continued to hold possession thereof until her death in 1911. She furnished most of the materials for the house, and paid for some of the labor. The amount paid out by her did not appear before the master, and some of the bills are yet unpaid. Reuben bought some of the materials, the amount of which was not shown,

and it did not appear whether or not he had had his pay therefor. Enough appears to show that the oratrix made substantial improvements on the lot, and it is not shown that Reuben had any claim against her for labor or expenditures. The deed called for by the oral contract was never executed or demanded. Reuben died before this bill was brought, and his administrator is one of the defendants. The oratrix died after the bill was brought, and her executor has entered to prosecute. This suit is brought to compel specific performance of the oral agreement.

It is not specifically found that the oratrix did her part toward the erection of the house and entered into possession thereof under and by virtue of the oral contract; but this is the obvious meaning of the report, and we so construe it. It therefore appears that the oratrix went into possession of the premises under an oral contract therefor, and made substantial improvements thereon. In such circumstances, equity affords a remedy by way of specific performance, and the Statute of Frauds is no defence. *Smith* v. *Pierce,* 65 Vt. 200, 25 Atl. 1092; *Kittredge* v. *Kittredge,* 79 Vt. 337, 65 Atl. 89. That one of the defendants is an administrator is no embarrassment. *Ryder* v. *Robinson,* 109 Mass. 67; *Smith* v. *Pierce, supra.* The fact that it is shown that Reuben furnished some materials for the house, and that he worked upon it, does not affect the result. By the contract he was to do some of the work, and there is no finding that he has any claim, either for services or materials.

The fact that the contract proved shows an oral gift of the land instead of a sale of it does not affect the rights of the oratrix. *Whitaker* v. *McDaniel,* (Md.) 78 Atl. 1; 36 Cyc. 681.

The claim that the premises in question are a part of the homestead of Ella Gove, and that inasmuch as she had no part in the contract it was of no force, is disposed of by the finding that the remainder of Reuben's place is worth $600.

The defendants argue that inasmuch as the findings show that there never was a demand for a deed, either on Reuben or his administrator, the suit cannot be maintained. But it appears from the answers that the defendant, Armstrong, with the approval of the other defendant, went to the house in question, the oratrix being then absent therefrom, and locked it up, and notified the oratrix to remove her personal effects therefrom, and forbade her to enter the house except for that purpose; that he intended to prevent the oratrix from occupying the house, and

that he had refused to convey the place to her. If a demand is ever required in these cases, the facts referred to dispensed with that necessity in this case. The defendants denied the right of the oratrix, and this puts them in default, and she was not required to make formal demand. *Ayer* v. *Ayer,* 16 Pick. 327. See *Van Dyke* v. *Cole,* 81 Vt. at p. 396, 70 Atl. 593, 1103. It is also claimed in support of the decree, that a bill for specific performance is addressed to the discretion of the court of chancery, and that this affords a sufficient reason why this decree for the defendants should not be interferred with. But the discretion referred to is one governed by settled principles,—a judicial discretion—and, unless some unusual condition exists, equity decrees specific performance almost as a matter of course. *Fowler* v. *Sands,* 73 Vt. 236, 50 Atl. 1067. "Whenever a contract concerning real property," says Mr. Pomeroy, "is in its nature and incidents entirely unobjectionable,—when it possesses none of those features which, in ordinary language, influence the discretion of the court,—it is as much a matter of course for a court of equity to decree specific performance as it is for a court of law to give damages for its breach." 4 Pom. Eq. §1402.

All that is shown here on which to base a claim that the case should not take the usual course is that Reuben lived about ten years after the oral contract was made, and the oratrix made no effort, so far as appears, to get him to deed to her; and that it was not until nearly a year after his death that this suit was brought. These facts, it is claimed, establish such laches that relief should be denied. But the relationship of the parties, and the circumstances under which they were living, and the time that elapsed after Reuben's death before an administrator was appointed, together with the fact that no harm has or can come to the defendants on account of the delay, afford a sufficient excuse therefor.

Several exceptions were saved to the admission of evidence, but as these are not briefed, we pass them over.

*Decree reversed and cause remanded with directions to enter a decree for the oratrix' executor according to the prayer.*