JOHN ANTONIO D'ELISSA

*v.*

ROSE D'AMATO, individually, and as administratrix, &c.

[Submitted May 12th, 1915.  Decided May 21st, 1915.]

1. In a suit by a vendee against a vendor's heirs-at-law and personal representative for the specific performance of an oral agreement for the sale of lands entered into between the vendor in his lifetime and the complainant, where it appears that the contract has been clearly, definitely and unequivocally proven, and has been performed by the complainant, this court has power to decree specific performance, even though the contract be oral.

2. The complainant, under the circumstances of this case, is not guilty of laches in failing to obtain a deed or bring this suit during vendor's lifetime.

3. The defendant, as administratrix, held a sale of lands of the deceased, and sold the lands in question to one T., who is not a party to this suit, and who paid a deposit. Prior to the sale the complainant asserted his claim to defendants and it was understood that he should bring suit to establish his claim. At the sale the complainant stood by and saw the premises struck off to T. without publicly asserting his claim. The sale has not been confirmed or deed delivered.—*Held*, (1) that T. not being a party to this suit, is not bound by the decree; (2) the defendants cannot avail themselves of any estoppel which might exist in favor of T.

---

*Mr. Anthony Botti,* for the complainant.

*Messrs. Blakeman & Scarrano,* for the defendant.

GRIFFIN, V. C.

The bill in this cause is filed against the widow, heirs-at-law and administratrix of Francesco D'Amato, for the specific performance of an oral agreement for the sale of lands entered into between said Francesco D'Amato in his lifetime, as vendor, and the complainant, as vendee, for the consideration of $800.

The agreement was discussed on August 27th, 1905, and the terms settled upon. On the following day the vendee paid the

vendor $100, and it was then and there agreed that the vendee might immediately enter into possession, and he so entered the next day, began filling in and grading the lands, fencing the same, and erecting buildings thereon, and has continued in possession ever since, without any claim for rent or other charge for use and occupation being asserted against him.

The balance of the purchase price was paid by two checks of $300 each, dated March 22d and 23d, 1906, respectively, drawn by the complainant to the order of D'Amato, delivered to him and actually paid by the bank upon which they were drawn, and the delivery of a horse by the complainant to D'Amato at the agreed price of $100.

The complainant from time to time asked D'Amato to give him a deed, but D'Amato explained, first, that he would do so when he discharged a mortgage covering the premises, and later, when about to discharge it and execute another which would cover other property, he said he would give the deed after canceling the existing mortgage. Again, when asked for a deed, he said by mistake he had executed the new mortgage covering the premises in question and other property; and thus the matter rested until after D'Amato's death, on December 26th, 1913.

The parties were close personal friends, and as D'Amato had his money and complainant had the land, evidently they considered that the mere delivery of the deed could wait until D'Amato procured a release of the mortgage.

The contract has been clearly, definitely and unequivocally proven, and, having been performed by the complainant, this court has power to decree specific performance, even though the contract be oral. *Wharton* v. *Stoutenburgh, 35 N. J. Eq. 266; Clement* v. *Young & McShea Amusement Co., 69 N. J. Eq. 347; 1 Pom. Eq. Jur.* § *103.*

The defendants also claim that the decree should be in their favor because of the laches of the complainant in failing to obtain a deed or bring this suit during the lifetime of Francesco, who was familiar with the whole transaction. I do not agree with the defendants in this claim. The undisputed evidence, received without objection, clearly proves, first, full performance by the complainant; second, the entry into possession of the lands with

the assent of Francesco; third, complainant asked repeatedly for a deed, and Francesco made excuses for not complying; fourth, the improvement of the lands by expenditures by the complainant to an amount more than double the purchase price of the lands; fifth, the failure of Francesco to demand rent or other charge for the use and occupation of the premises; sixth, in fact, the utter abandonment of the premises to the complainant. All of this makes the complainant's right so clear that to apply the doctrine of laches would aid in the perpetration of a fraud.

The defendants also assert an estoppel against the complainant under the following state of facts: The administratrix offered a number of lots for sale, including the premises in question. D'Elissa, they say, stood by without protest, and heard the premises struck off to Philip Tumulty for $2,300, who paid a deposit of $230. There is no evidence, however, that the sale has been confirmed in the orphans court and a deed delivered. Nothing in this suit can affect any right which Mr. Tumulty may have, he not being a party hereto. The estoppel, if it rises at all, must be between the parties to this suit, and it is admitted that prior to the sale a question arose between the complainant and defendants as to the ownership of the property; that D'Elissa asserted his claim, and there was an understanding between counsel that a bill should be filed to settle the dispute. Under such a state of facts I fail to see upon what theory the defendants can claim the benefit of an estoppel in their favor against the complainant. As to the wife, she did not join in the agreement and was not a party to it, and the decree should not go against her, individually, directing her to convey her dower. As the contract was fully performed, and there is no purchase-money to be paid to the administratrix, the bill will be dismissed as against her, individually, and as administratrix.

I will therefore advise a decree directing the heirs-at-law to specifically perform.