NAT D. PAGE v. THOMAS H. CAVE, JR., ADMR. OF NATHANIEL C.
PAGE'S ESTATE, LOIS (PAGE) BROWN AND RUSSELL BROWN.

November Term, 1918.

Present:   WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed April 19, 1919.

*Equity—Pleading—Contract Respecting Land—Statute of
Frauds—Presumption—Facts Well Pleaded Admitted by
Demurrer—Part Performance of Oral Contract Respecting
Land—Defence.of Laches Not Raised by Demurrer—Pos-
session of Land Under Oral Contract—Notice of Equitable
Rights—Decree—Conveyance Removing Cloud from Title.*

A demurrer to a bill seeking to enforce a contract, on the ground that
the contract was within the statute of frauds, was properly over-
ruled where it does not appear whether the contract was in writ-
ing or not, since it will be presumed that it was in writing until
the contrary is made to appear.

Part performance of an oral contract respecting land takes it out of
the statute of frauds.

A demurrer admits the facts that are well pleaded.

When one relies upon laches, as distinguished from the statute of
limitations, to bar an action he cannot protect himself by de-
murrer, but must plead or answer the facts.

In 1892 plaintiff contracted to care for his father until his death in
consideration that he should have all of his father's property,
real and personal. Plaintiff immediately took possession of the
property, and continued in uninterrupted possession of the same
until 1913 when one of the defendants claimed an interest in the
same as heir of the father. The father died in 1895. *Held*, that
plaintiff's possession afforded notice to all of his equitable rights in
the property and was a continued assertion thereof, and that he
was not guilty of laches in not before bringing suit to establish his
rights.

The facts in the case warranted a decree confirming the plaintiff's
title to the property and compelling the defendants to make such
conveyances as were necessary to remove the cloud created by their
claim from his title.

APPEAL IN CHANCERY. Bill to confirm plaintiff's title to certain real estate held by him under an oral contract therefor. Heard on demurrer of defendant Russell Brown to the bill at the March Term, 1918, Washington County, *Waterman,* Chancellor. The demurrer was overruled, the bill taken as confessed, and a decree entered against defendant Russell Brown in accordance with the prayer of the bill. Defendant Russell Brown appealed. The opinion states the case.

*Edward H. Deavitt* for defendant Russell Brown.

*H. William Scott* and *John W. Gordon* for the plaintiff.

TAYLOR, J. The plaintiff is a son of Nathaniel C. Page, late of Plainfield, Vermont, deceased, and the defendants are the latter's administrator, Lois (Page) Brown, a granddaughter of the intestate, and Russell Brown, husband of the said Lois. This cause was argued at the January Term, 1917, on a premature appeal, which was dismissed. See 91 Vt. 188, 99 Atl. 780. It was later heard in the court of chancery on the demurrer of Russell Brown to the bill of complaint. The demurrer was overruled, the bill taken as confessed as to him, and a decree entered against him in accordance with the prayer of the bill. From this decree the said Brown comes here on appeal.

The bill alleges in substance that the said Nathaniel C. Page died March 18, 1895, leaving, among other heirs, the plaintiff and the defendant Lois Brown; that prior to May 25, 1892, the said Nathaniel was living on a farm owned by him in Plainfield, and, being in feeble health, had been cared for by an unmarried daughter; that said daughter became desirous of being married and terminating the care of her father; that on said last-named date the plaintiff and the said Nathaniel entered into an agreement by the terms of which the plaintiff was to care for and support his father during his lifetime, give him a suitable burial, and pay all of his just debts and funeral expenses; that in consideration thereof the said Nathaniel agreed to transfer all his property, real and personal, to the plaintiff, and, in case the plaintiff should carry out his part of the agreement, he was to have all of said property; that pursuant to said agreement the plaintiff moved onto and took possession of the farm and all of said Nathaniel's personal property; that ever afterwards he

occupied, treated, and handled said property as his own, disposing of the personal property as his business and necessities required, with the full knowledge and consent of the said Nathaniel during his lifetime; that he has faithfully carried out all the terms of said agreement by him to be performed; that at the time he took possession of said farm it was in a run-down condition; that he immediately began improvements in the cultivation of the farm and repaired the buildings and fences at large expense, greatly enhancing the value of the property; that none of the heirs of the said Nathaniel, nor any other person, ever made claim to any interest in said property until about 1913, when for the first time the defendant Lois Brown claimed an interest therein and, without the plaintiff's knowledge, had the defendant Cave appointed administrator of the said Nathaniel's estate; that said Cave as said administrator is attempting to get possession of said farm and property and threatens to sell the same in defiance of the plaintiff's rights; that commissioners on said estate have been appointed, but that no claims have yet been allowed by them; that he is ready and willing to pay any claims that may be allowed against said estate; that both the plaintiff and the said Nathaniel understood, and acted upon the understanding that if the plaintiff carried out the agreement the title to said property would vest in him without a conveyance by deed; that all the heirs of the said Nathaniel except the defendants Brown have executed conveyances of their interests in the property to the plaintiff, and that they should be compelled to do the same. The prayer of the bill was for a temporary injunction restraining the defendants from interfering with the plaintiff's possession of the premises, which was granted, and for a decree confirming the plaintiff's title to the property and compelling the defendants to make such conveyances as are necessary to remove the cloud from his title. The grounds of the demurrer are (1) the statute of frauds, (2) laches, (3) that plaintiff is not entitled to the relief prayed for, and (4) want of equity in the bill.

The objection that the agreement relied upon is within the statute of frauds, and so not enforceable, is not well taken. The court of chancery was justified in overruling the demurrer, so far as this objection is concerned, on the ground that it does not appear whether the agreement was in writing or not, since it will be presumed that it was in writing until the contrary is made to appear. *Cooley* v. *Hatch*, 91 Vt. 128, 131, 99 Atl. 784.

But treating the agreement as resting in parol, as counsel have done, the same result is reached. Defendants' counsel recognizes the force of our decisions to the effect that part performance of an oral contract respecting land takes it out of the statute. *Smith* v. *Pierce,* 65 Vt. 200, 25 Atl. 1092; *Kittredge* v. *Kittredge,* 79 Vt. 337, 65 Atl. 89; *Gove* v. *Gove's Admr.,* 88 Vt. 115, 92 Atl. 10; *Cooley* v. *Hatch,* 91 Vt. 128, 133, 99 Atl. 784. Admitting that such would be the effect between the deceased and a stranger, he argues that the rule does not apply where services are performed by a child for a parent, since it is presumed that they are performed on account of the relation and not for compensation. But the demurrer admits the facts that are well pleaded, and the presumption has no force in the face of the facts alleged in this bill. On the case made by the bill and demurrer, an express contract to pay for the services is established. See *Sawyer* v. *Hebard's Est.,* 58 Vt. 375, 3 Atl. 529.

Nor can the demurrer be sustained on the ground of laches. It is too well settled here to admit of question that when one relies upon laches, as distinguished from the statute of limitations, to bar an action he cannot protect himself by demurrer, but must plead or answer the facts. *Drake* v. *Wild,* 65 Vt. 611, 617, 27 Atl. 427; *Gleason* v. *Carpenter,* 74 Vt. 399, 403, 52 Atl. 966; *Wilder's Exr.* v. *Wilder,* 82 Vt. 123, 129, 72 Atl. 203.

Besides, the facts do not present a case on which laches will be imputed to the plaintiff as matter of law. In the circumstances there was no unreasonable delay on his part. He continued in peaceable possession of the property and enjoyed his rights in the premises unquestioned until a short time before the action was commenced. The possession afforded notice to all of his equitable rights and was a continued assertion thereof. In such circumstances, mere lapse of time will not defeat the remedy. *Van Dyke* v. *Cole,* 81 Vt. 379, 397, 70 Atl. 593; *Gove* v. *Gove's Admr., supra; Snell* v. *Hill,* 263 Ill. 211, 105 N. E. 16; *Low* v. *Low,* 173 Mass. 580, 54 N. E. 257; *White* v. *Patterson,* 139 Pa. St. 429, 21 Atl. 360; *D'Ellissa* v. *D'Amato,* 85 N. J. Eq. 466, 97 Atl. 41, affirmed in 86 N. J. Eq. 244, 98 Atl. 1085.

The remaining grounds of demurrer are to the same point, viz.,that the facts alleged do not make a case for equitable relief. It is urged in support of this claim that failure to acquire legal title to the premises through ignorance of the law does not furnish a basis of equitable jurisdiction, and *Deavitt* v. *Ring,*

76 Vt. 216, 56 Atl. 978, is cited to this proposition. It is enough to say that the allegation of a mutual misunderstanding as to the necessity of a conveyance by deed to vest the legal title in the plaintiff is not the basis of the relief sought, but rather a circumstance explaining why the deed was not executed in the lifetime of the said Nathaniel. It is further urged that 'the Browns are as much entitled to their share of the estate as the plaintiff is entitled to his share as an heir. This claim disregards the plaintiff's equitable rights under the contract. Mrs. Brown never had any vested interest in the estate of her ancestor. The property was his to dispose of as he saw fit in his lifetime. The agreement by which he attempted to dispose of it was upon sufficient consideration, was in all respects fair and aboveboard, and was fully performed by the plaintiff. The rights of creditors are not involved. There are present no unusual conditions involving the exercise of discretion. The claim of the Browns, if maintained, would work a fraud upon the plaintiff. In short, the facts make an unmistakable case for equitable relief such as is prayed for. See *Gove* v. *Gove's Admr., supra; Fowler* v. *Sands,* 73 Vt. 236, 50 Atl. 1067; *Kittredge* v. *Kittredge, supra.*

*Decree affirmed, and cause remanded. Let a new time be fixed.*