NAT. D. PAGE *v.* THOMAS H. CAVE, JR., ADMR. OF NATHANIEL C. PAGE'S ESTATE, LOIS (PAGE) BROWN AND RUSSELL BROWN.

May Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion fied October 5, 1920.

*Evidence—Declaration Against Interest—General Exception to Conversation Admissible in Part Insufficient—Harmless Error—Performance Taking Case Out of Statute of Frauds —Laches—No Laches Where No Duty to Act—Question of Laches Largely Matter of Discretion—Liability of Administrator for Costs—Appellant Cannot Take Advantage of Matters Not Affecting His Legal Rights.*

1.  In a suit to confirm plaintiff's title to certain real estate and personal property brought against his father's administrator and some of the heirs, based on a parol agreement between him and his father, whereby he was to have all the father's property at his death if he would care for him during life and give him proper burial at his decease, evidence that the intestate told the witness, immediately after the alleged contract was made, that he had made a trade with the plaintiff to take care of him and have all of his property for so doing, being a declaration against interest, was admissible.

2.  An exception to an entire conversation, a part of which is admissible, is too broad to save any question for review.

3.  The admission of a conversation between the intestate and the witness, just before the date of the alleged contract, relating to his condition and situation and ability to provide a home for himself, was harmless error, as nothing appeared therein that could have influenced or prejudiced the trier.

4.  The chancellor's finding that the alleged contract had been fully performed by both parties, except the execution of the necessary conveyances by the intestate, took the case out of the statute of frauds.

5.  Laches is not a mere matter of time, but is principally a question of the inequity of permitting a claim to be enforced or right asserted, an inequity founded on some change in the condi-

tion or relations of the property or the parties; each case depending on its own peculiar circumstances.

6. The plaintiff, having been in actual possession of the property in question since 1892, under his contract with the intestate, and during that time having made extensive repairs and improvements, and no one having questioned his title or legal rights to the property until 1913, was not guilty of laches in not having before commenced his suit to quiet title, as he was not called upon to act until his title was assailed.

7. The decision of the trial court upon the question of laches is so much a matter of discretion, dependent upon the facts, that it should not be disturbed on appeal, unless clearly shown to be wrong.

8. An administrator made defendant in a suit may be held liable for costs, although there are not sufficient assets of the estate in his hands to indemnify him for the same.

9. A defendant cannot sustain an exception to a decree because of matters stated therein which do not affect his legal rights.

APPEAL IN CHANCERY. Bill to confirm plaintiff's title to certain real and personal property held by him under an oral contract therefor. Heard by the chancellor at the March Term, 1919, Washington County, *Fish*, Chancellor. Decree for the plaintiff. The defendant Cave appealed. The opinion states the case.

*Edward H. Deavitt* for the defendant.

*H. William Scott* and *John W. Gordon* for the plaintiff.

SLACK, J. The bill prays for a decree confirming the plaintiff's title to certain property, real and personal, and compelling the defendants to make such conveyances as are necessary to remove the cloud from his title.

The material allegations of the bill appear in the opinion handed down by this Court when the case was here on the demurrer of the defendant Russell Brown. 93 Vt. 190, 106 Atl. 774. After remanded, the case was heard on the merits by a chancellor, who found and stated the facts, and entered a decree thereon for the plaintiff in accordance with the prayer of the bill, and the case is now here on appeal by defendant Cave.

It appears from the facts found that in the spring of 1892, the intestate, then an old man, felt incompetent to carry on his farm and provide a home for himself, and made an arrangement with the plaintiff, a son, to go onto the farm and assume the management and control of it, pay the debts the intestate then owed, and do all things required to suitably provide and care for him during life, and give him a proper burial at his decease; and in consideration thereof the plaintiff was to have the farm and all other property of the intestate; that pursuant to this agreement, the plaintiff, with his wife, moved onto the farm in May, 1892, and has resided there ever since; that he provided and cared for the intestate, while the latter lived, in a good and satisfactory manner, and gave him a proper burial at his decease, which occurred March 18, 1895; that he fully performed his part of the agreement, and has paid all bills connected therewith; that during his occupancy of the farm he has treated the same as his own, and has made extensive repairs and improvements thereon; that the agreement rested entirely in parol; that all of the heirs of the intestate, except the defendant Lois, conveyed their interest in the property to the plaintiff by quitclaim deeds dated April 10, 1915.

[1, 2]    The first exception relied upon is to the admission of certain testimony of one Bartlett, a witness called by the plaintiff. He testified that he had a talk with the intesate in the spring of 1892, about the latter's farm, his condition, and what he ought to do with his property respecting a home for himself. Later he was asked to tell what the talk was, and subject to the defendant's objection that the evidence was hearsay, irrelevant, and immaterial, he testified to the substance of two conversations, one just before, and the other soon after, the date of the alleged contract. The former related to the condition and situation of the intestate and his ability to provide a home for himself; the substance of the latter was that the intestate told the witness that he had made a trade with the plaintiff to take care of him and have all of his property for so doing. The latter statement was a declaration against interest, and clearly admissible. *In re Bugbee's Will*, 92 Vt. 175, 102 Atl. 474; *Mower, Trustee, v. McCarthy*, 79 Vt. 142, 64 Atl. 578, 7 L. R. A. (N. S.) 418, 118 A. S. R. 942; *Alger* v. *Andrews*, 47 Vt. 238; *Downs* v. *Belden*, 46 Vt. 674; *Lyon* v. *Ricker*, 141 N. Y. 225, 36 N. E. 189; *Gross* v. *Smith*, 132 N. C. 604, 44 S. E. 111; 16 Cyc. 1219. This being so, and

the exception being to the whole conversation, it is too broad to save any question for review.

[3]  Moreover, the admission of the former conversation was clearly harmless, for nothing appeared therein that could possibly have influenced or prejudiced the trier.

[4]  The defendant excepted to the admission of parol evidence to show the agreement in question on the ground that, un-- less such agreement was in writing, it came within the statute of frauds and was not enforceable, and also excepted to the findings of the chancellor because the contract found was oral, and therefore not enforceable.  These exceptions are without merit.  The chancellor found that the contract had been fully performed by both parties, except the execution of the necessary conveyances by the intestate.  This takes the case out of the statute.  *Smith* v. *Pierce,* 65 Vt. 200, 25 Atl. 1092; *Kittredge* v. *Kittredge,* 79 Vt. 337, 65 Atl. 89; *Gove* v. *Gove's Admr.,* 88 Vt. 115, 92 Atl. 10; *Cooley* v. *Hatch,* 91 Vt. 128, 99 Atl. 784.

The defendant urges that an oral contract, such as is claimed by the plaintiff, is not to be presumed in this State between members of the same family.  Be that as it may, it does not affect the plaintiff's rights in the instant case, because here we have a positive finding that there was an express contract between him and the intestate.  See *Sawyer* v. *Hebard's Est.,* 58 Vt. 375, 3 Atl. 529.

[5-7]  The defendant contends that this action is barred by the laches of the plaintiff.  The generally accepted rule is that laches is not, like limitations, a mere matter of time; but is principally a question of the inequity of permitting a claim to be enforced, or right asserted—an inequity founded on some change in the condition or relations of the property or the parties. *Wilder's Exr.* v. *Wilder et al.,* 82 Vt. 123, 72 Atl. 203; *Galliher* v. *Cadwell,* 145 U. S. 368, 36 L. ed. 738, 12 Sup. Ct. 873.  And in its application each case must depend on its own peculiar circumstances.  No change in the condition of the property, or relations of the parties, appears here that can be of advantage to the defendant in the application of this doctrine.  The plaintiff has been in actual possession of the property in controversy since May, 1892, under his contract with the intestate, and during that time he has made extensive repairs and improvements on the real estate; his title or legal right to such property was questioned by no one until 1913, when the defendant Lois procured the appoint-

ment of the defendant Cave as administrator of the intestate's estate, and thereupon such claims were made relative to the property that this suit was commenced in 1915.   Under these circumstances the defendants are not in a position to invoke the doctrine of laches.

While the maxim, "Equity helps the vigilant, not the dormant," is of frequent and extended application, so, too, is the maxim, "He who seeks equity must do equity."   The defendant Lois slept on her legal rights, if she had any, for eighteen years, with no apparent excuse, while the plaintiff was increasing the value of the property, believing it to be his, as the chancellor finds.   Moreover, so far as these defendants were concerned, the plaintiff was not called upon to act until his title or right to the property was assailed, and when that occurred he took seasonable steps to assert his rights.   Furthermore, the decision of this question by the lower court called for the exercise of its discretion, and, as was said in *Philbrick* v. *Johnson*, 91 Vt. 270, 100 Atl. 110, the decision of the court upon the question of laches is so much a matter of discretion, dependent upon the facts, that it should not be disturbed on appeal unless clearly shown to be wrong; and no such showing is made in this case.

[8]   The defendant Cave excepts to the decree awarding costs against him because there is no finding that he has assets in his hands belonging to the estate out of which he can reimburse himself, and, second, because it is inequitable to award costs against him in view of the plaintiff's delay in asserting his rights and the fact that he was appointed administrator before this suit was commenced.

In support of the first ground he relies upon *Powers* v. *Douglass*, 53 Vt. 471, 38 A. R. 699, where the court noticed the fact that there was a finding that the administrator had funds in his hands belonging to the estate out of which the award could be paid; but the case did not turn on that fact, nor is it authority for the proposition that without such finding costs should not be awarded against an administrator.   The liability of executors and administrators for costs, in litigation conducted by them, was settled in this State in *O'Hear* v. *Skeels*, 22 Vt. 152.

Nor is there anything unreasonable in holding such persons liable for costs.   It is a salutary restraint upon them, and well calculated to guard the estates of deceased persons against heedless expense in unjustifiable litigation.   If an administrator does

not have sufficient assets of the deceased in his hands to indemnify him for costs that may be awarded against him, he can require indemnity from those for whose benefit he is prosecuting, or abstain from litigating doubtful claims.    We think that the equities on this question are with the plaintiff.    This is the third time that this case has been in this Court, brought here each time by the defendants, or some of them.    It was here twice on questions decided against them, before it was heard on its merits; and at that hearing none of them appeared except the administrator, and he offered no evidence to meet the plaintiff's claim.    Since they thus harassed the plaintiff, with no better reason for so doing than has appeared, we think that the decree as to costs was proper.

[9]    The defendant Cave excepts to the decree, because it is therein stated that the case was heard on the answer of the defendant Lois, when in fact she was not present at the hearing. She filed an answer, under oath, which is part of the printed case, and appears to have had ample opportunity to be present at the hearing.    But this is not a question that Cave can take advantage of—it does not affect his legal rights—and Lois appears to be content with the decree in its present form.

*Decree affirmed, and cause remanded.*