## Peter Rueda, et al. v. Edward A. Kuban, et al.

[349 A.2d 907]

No. 158-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 2, 1975

*Leighton C. Detora* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiffs.

*Garfield H. Miller* of *Black and Plante,* White River Junction, for Defendants.

**Barney, C.J.** This is a land dispute. The plaintiffs are acknowledged to be the record owners of certain property, but the defendants claim the property by virtue of adverse possession for the requisite period of time. 12 V.S.A. § 501. The case began as a suit by one of the present plaintiffs, then a co-owner, against the defendants for trespass and wrongful cutting of timber under 13 V.S.A. § 3606. That plaintiff, with his wife, have since become sole owners of the property. The defendants denied the charge and counterclaimed in trespass on their land by the plaintiffs.

The lower court's decision denied the defendants' defense of adverse possession, found in favor of the plaintiffs in damages for timber cut and damage done to the property, but declined to give treble damages on the basis that the cutting was done by mistake in that the defendants had reason to believe that the land belonged to them. He also determined that the plaintiffs had not acquired a right-of-way over the defendants' land as access to their property.

The chain of title to the properties is rather long and involved, and will not be spelled out here, since record titles are not in dispute. Roughly stated, part of the plaintiffs' property intrudes into what would otherwise be a rectangular piece out of a westerly side of the property. This lot is known as the Worthley-Clark parcel and referred to in the evidence as "Parcel B", being so designated on one of the surveys. The division came about after one William Worthley acquired Lot 9 in the third range of the Town of Washington in 1793. At his death this 100-acre lot was divided between Molly Worthley, Samuel Worthley and Ichabod Worthley. Samuel Worthley received the lot labeled "Parcel B", and it has been transferred as a unit right down through the chain of title to the plaintiff Rueda and his wife. The use of the parcel over the years has been for lumbering, logging, pasturing, grazing, and, in some parts, haying.

The defendants' holdings include the remaining portions of Lot 9 in the third range, designated "Parcels A and C", and represent the balance of the original Worthley holding. When the defendant Edward Kuban, Sr., purchased the property in 1953, the real estate agent handling the sale pointed out the boundaries, which he said included Parcel B. Where his information came from is stated in the findings as not known.

Based on that, during 1953 to 1957, the defendants permitted hay to be cut on part of Parcel B. Hay was also cut during the years of 1958 and 1959 in connection with the operation of the defendants' dairy business. In 1959 timber was sold from the defendants' premises, including some timber on the area in dispute. Thereafter, no activity took place on the disputed premises by the defendants or their successors until 1971 when the timber cutting that generated the present lawsuit took place. The lawsuit was commenced in 1971.

During most of this same period, the property now owned by the plaintiffs was owned by one Clough. The trial court found that during the period from 1948 to 1966 Clough "occupied, possessed and used the premises generally described as Parcel B, however unsure of the boundaries he may have been, including logging, pasturing and grazing". This finding was not challenged.

In establishing adverse possession in the face of record title, the burden is on the claimant, in this case the defendants, to establish to the satisfaction of the trier of fact that there has been an open, notorious, hostile and continuous possession through the statutory period of fifteen years. *Montgomery* v. *Branon*, 129 Vt. 379, 387, 278 A.2d 744 (1971). It is apparent from the findings that such a continuous possession was not established, in view of the operations of the record title holder.

We must construe the evidence to support the decree, and the evidence is present in the record to support the findings. *Russell* v. *Pare*, 132 Vt. 397, 405, 321 A.2d 71 (1974). The possession involved was not exclusive, and the fact of occupancy and use by the record owner during the period both interrupts the continuity of possession necessary, and also prevents the application of the *Amey* v. *Hall*, 123 Vt. 62, 67, 181 A.2d 69 (1962) doctrine that continuous presence may not be necessary dependent on the nature and conditions of the premises. This contemplates property not otherwise occupied, which is negated by the presence and occupancy on the land by the owner during the period when the prescriptive possession is claimed to be running.

This being the only particular in which the judgment is attacked, the decision of the lower court must be sustained.

*Judgment affirmed.*