# Robert C. Bemis v. George W. Lamb, Administrator of the Estate of Grace A. Bemis

[383 A.2d 614]

No. 165-76

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed February 7, 1978

*Divoll* and *Doores*, Bellows Fallls, for Plaintiff.

*John Parker*, Springfield, for Defendant.

**Billings, J.** This is an appeal from a judgment of the Windham Superior Court denying plaintiff-appellant's petition for a declaratory judgment. 12 V.S.A. § 4711 et seq. The complaint and the amended complaint seek relief concerning two plots of land, the "home farm" and the "Smith place."

Appellant is one of nine heirs, eight of whom are now living, of Grace Bemis. Prior to her death in 1956, Grace Bemis lived on the home farm, title to which was in her name. Appellant and his brother Raymond have lived on the home farm continuously since before the death of their mother. Appellant's sister Doris moved to the home farm after her mother's death. Since Grace Bemis's death, appellant has received the income from the farm and paid the expenses, with the exception of certain real estate taxes paid by his brother Guy in 1956. Additionally, prior to 1956, Grace Bemis and appellant purchased a separate tract of land known as the Smith place; record title to the Smith place expressly lists appellant and Grace Bemis as tenants in common.

In 1971, four of Grace Bemis's surviving children, joined by four children of the deceased heir, filed a petition for the administration of her estate. Appellee was appointed administrator. He included in the inventory the home farm and a one-half interest in the Smith place and applied for a license to sell this property. The plaintiff then brought this complaint. He claims sole ownership of the home farm by virtue of an oral contract with his mother, or in the alternative, by adverse possession. As to the Smith place, appellant seeks reformation of the deed so as to provide for a joint tenancy rather than a tenancy in common; in the alternative, he claims complete ownership by virtue of adverse possession. After trial, the lower court entered detailed findings of fact and conclusions of law in appellee's favor and then denied appellant's complaint. Appellee in his amended answer filed a counterclaim that was not disposed of by the court below. As a result, there is no final

judgment in this cause, V.R.C.P. 54, depriving this Court of jurisdiction. However, by agreement of the parties in this Court, the counterclaim was dismissed with prejudice. This overcomes the procedural error and makes a final and appealable judgment under V.R.C.P. 54(b) and V.R.A.P. 4.

The first claim of error concerns the trial court's failure to find the existence of an oral contract between appellant and his mother relating to the home farm. Appellant relies principally on *Page* v. *Cave*, 93 Vt. 190, 106 A. 774 (1919), where the facts alleged in the pleadings were substantially identical to the facts alleged here. In *Page*, however, defendant demurred to plaintiff's bill in equity. Thus in *Page* the bill was taken as confessed, and the existence of the oral contract, rather than being disputed as here, was conceded.

■ In the instant case, appellant's strongest evidence as to the existence of an oral contract is the testimony of his brother Raymond and his sister Colo Gamble. Raymond testified that appellant and his mother entered into an agreement concerning the home farm, his mother stating that "Bob [appellant] should stay there and run the place and have the place because she didn't want it sold." Colo testified: "She said that the place was to be Robert's that he was taking care of her, he was paying the bills and when she was gone she wanted Robert to have it." The lower court declined to find a contract from this evidence, terming the mother's statements "loose declarations." Giving due regard to the trial court's opportunity to hear this evidence firsthand, we do not find the trial court's findings to be clearly erroneous; thus, they must stand. V.R.C.P. 52(a). We cannot make a contract where none is shown to have been made by the parties. *Vermont Electric Supply Co.* v. *Andrus*, 135 Vt. 190, 192, 373 A.2d 531, 533 (1977).

Appellant's second claim of error is that the trial court erroneously excluded testimony of his brother Raymond relating to the alleged oral agreement, basing its rulings on the "Dead Man's Statute." 12 V.S.A. § 1602. The Dead Man's Statute provides that a "party shall not be allowed to testify in his own favor where the other party to the contract or cause of action in issue and on trial is dead or shown to the court to be insane, [various exceptions not relevant here follow]." Of course, because Raymond was not a party to the alleged contract, 12

V.S.A. § 1602 is no bar to his testimony. Our search of the record reveals that the trial court did initially exclude a number of inartfully phrased questions to Raymond concerning his mother's statements about the alleged agreement. Eventually, however, Raymond was allowed to testify without objection to his mother's statements, which testimony we have quoted above. Thus, any error in the court's initial ruling was rendered harmless. See *Residents of Royalton* v. *Central Vermont Railway Co.*, 100 Vt. 443, 450, 138 A. 782, 785 (1927).

Appellant next claims that the trial court erred in not finding that he had acquired title to the home farm and the Smith place by adverse possession. 12 V.S.A. § 501. In establishing adverse possession, the burden is on appellant to prove to the satisfaction of the trier of fact that there has been an open, notorious, hostile, and continuous possession through the statutory period of fifteen years. *Rueda* v. *Kuban*, 133 Vt. 584, 586, 349 A.2d 907, 908 (1975). At the death of his mother, appellant held the property in issue, the home farm and a one-half interest in the Smith place, as a tenant in common with her other heirs. For a co-tenant to render his possession of the tenancy to be adverse, he must oust his fellow co-tenants by some overt and notorious act of an unequivocal character, indicating an assertion of ownership of the entire premises to the exclusion of the rights of the others. *Scott* v. *Leonard*, 119 Vt. 86, 102, 119 A.2d 691, 700 (1956). His fellow co-tenants must have knowledge of the claim. *Id.* Here two of the heirs were living with the appellant on the home place and hence possession was not hostile. There is credible evidence to support the trial court's finding of no claim of ownership by the appellant prior to the institution of this cause, and his claim must fail. See *Laird Properties* v. *Mad River Corp.*, 131 Vt. 268, 278, 305 A.2d 562, 568 (1973).

The last claim of error alleges the trial court erred in preventing the admission of certain of appellant's testimony concerning the Smith place. Appellant seeks reformation of the deed to the Smith place, which was conveyed to him and Grace Bemis expressly as tenants in common by his brother, Lewis Bemis, and Helen Bemis. The excluded evidence pertained to the intent of the parties to the deed at the time the Smith place was purchased.

■ To obtain reformation on the basis that a deed does not represent the actual conveyance intended by the parties, the appellant has the burden of establishing that there existed, previously to the deed, a valid agreement representing a standard to which the erroneous writing can be reformed to express the true transaction between the parties. *deNeergaard* v. *Dillingham*, 123 Vt. 327, 331, 187 A.2d 494, 497 (1963). To fulfill this burden, appellant is required to produce proof sufficient to establish his claim beyond a reasonable doubt. *Kilcullen* v. *Dery*, 133 Vt. 140, 142, 334 A.2d 410, 412 (1975).

■ There was no error by the trial court excluding appellant's testimony as to the intent of the parties other than himself. No evidence was introduced sufficient to support a finding that appellant had any personal knowledge as to the intent of the other parties to the deed; thus appellant was not competent to give evidence concerning this. See *Green Mountain Mushroom Co.* v. *Brown*, 117 Vt. 509, 524, 95 A.2d 679, 687-88 (1953). The trial court did err, however, when it excluded appellant's testimony concerning his own intent. The testimony is not barred by the Dead Man's Statute. 12 V.S.A. §§ 1602, 1603. The statute operates to exclude a party from testifying in his own favor only when all other parties to the deed are dead, *Pope* v. *Hogan*, 92 Vt. 250, 254, 102 A. 937, 938 (1918). Here Lewis Bemis, at least, was still alive at the time of the trial. Nor is the testimony inadmissible simply because it is "self-serving." Much testimony of parties to litigation is self-serving, and this alone does not bar its introduction.

This error by the trial court, however, does not require reversal. Even considering the improperly excluded evidence, appellant has not established any agreement existing between the parties prior to the deed, but merely his own intent. Thus appellant's claim for reformation must fail. *deNeergaard* v. *Dillingham, supra*, 123 Vt. at 331, 187 A.2d at 497.

Appellant has raised other claims of evidentiary error by the trial court. We have reviewed these claims and find the trial court's rulings on these matters to be without error.

■ There is one final matter. The trial court's order merely denied the appellant's petition for declaratory judgment. This was error. The purpose of a declaratory judgment is to

enunciate, so far as is requested and appropriate, the rights of the parties. *Shaw* v. *Barrows*, 134 Vt. 343, 359 A.2d 651 (1976). Because the order filed in this cause failed to declare the rights as found, this matter must be remanded for a proper order.

*The decree below is vacated as a matter of form; the cause is remanded for a new decree and judgment order in accordance with the views expressed herein.*